BRYANT *vs.* THE STATE OF GEORGIA.

A gear-house, though separated from the main yard by a fence and fenced to itself, may be within *the protection* of the dwelling-house within the meaning of the Code, section 4386—there being a gate between it and the main yard, always left open at night, so as to constitute one yard, and under the protection of the yard dog; and upon proof of this fact, the verdict of guilty of burglary at night will be upheld, though the indictment allege that the gear-house was within the curtilage *and* protection of the dwelling-house—the statute being itself in the disjunctive and making the crime complete if the outhouse be within the curtilage *or* protection of the mansion.

Criminal law. Before Judge CRISP. Lee Superior Court. November Term, 1877.

Bryant was indicted for burglary in the night-time, committed on a gear-house " within the curtilage and protection of " a dwelling-house, and was found guilty. He moved for a new trial, which was refused, and he excepted.

For the other facts, see the opinion.

A. H. ALFRIEND; JAMES DODSON; G. W. WARWICK, by brief, for plaintiff in error.

C. B. HUDSON, solicitor general, by B. P. HOLLIS, for the state.

JACKSON, Judge.

The only point made in this case of any materiality, is that the gear-house was not within the curtilage of the dwelling-house. The proof is that it was within the enclosure of the yard but separated from the remainder of the yard by a fence, with a gate opening to the particular enclosure where the gear-house was located, and that this gate was kept open at night, so as to have the house protected by the yard dog, like the dwelling and rest of the yard.

Under our statute, this proof supports the allegation in the indictment, that the gear-house was within the curtilage and protection of the dwelling-house. The Code, section 4386, declares that " all outhouses contiguous to, or within the curtilage *or protection* of, the mansion or dwelling-house, shall be considered as *parts of the same.*" So that the offense is complete if the outhouse is within *the protection*, whether in the curtilage, as at common law, or not. The disjunctive conjunction "or" is used in the act, and it makes no difference that "and" is used in the indictment; just as a retailer of spirituous liquors without license may be convicted if he retail any named liquor, though the indictment charges him with retailing many sorts, the indictment using the copulative conjunction "and," and the act the disjunctive "or." Under our Code, this outhouse was within the protection of the mansion—indeed it was part of it—and the offense of burglary was complete when it was broken with intent to commit larceny.

There was no expression or intimation of an opinion by the judge when he said that " if a bridle was found where defendant said he put it, *then* I charge you that fact would be legal evidence."

Judgment affirmed.