## AIKEN v. THE STATE.

1. A count in an indictment charging the accused with the offence of "forgery," and alleging that he did "unlawfully and designedly attempt, by color of a certain counterfeit letter or writing made in the name of another" (setting it forth), to obtain from a named person a specified sum of money, with intent to defraud that person of said money, but failed in the perpetration of said offence, was properly based upon section 4455 of the code, in connection with section 4712, and the court did not err in giving the former section in charge to the jury. Nor was section 4442 of the code applicable. Designating the offence as "forgery," even if inaccurate, was immaterial; it was characterized by the description, not by the name given to it.

2. The verdict was amply sustained by the evidence, and there was no error in refusing a new trial.

October 8, 1892.

Criminal law. Indictment. Forgery. Before Judge MILLER. Bibb superior court. April term, 1892.

M. G. BAYNE and J. R. COOPER, by brief, for plaintiff in error.

W. H. FELTON, Jr., solicitor-general, by brief, contra.

Lumpkin, Justice.

There were two counts in the indictment. The first charged the accused with the forgery of an instrument of which the following is a copy:

"November 27th, 1891.

"Mr. J. S. Vinson: Please let the bearer have three dollars, and I will pay you Monday. Oblige a friend,
"J. S. Renfroe."

The second, calling the offence "forgery," charged the accused with designedly *attempting*, by color of the above copied instrument, designated as a counterfeit letter or writing and fully set forth, to obtain from one Vinson three dollars, with intent to defraud him of the money, but that the accused failed in the perpetration of the offence. A conviction was had on the second count, and the evidence amply sustained the verdict. Besides the usual grounds that the verdict was contrary to law, evidence, etc., error was assigned on a charge of the court in effect stating to the jury that the second count was based upon section 4455 of the code, which relates to designedly obtaining money, or other things of value, with intent to defraud, by color of any counterfeit letter or writing, the accused insisting this was error, and that the court ought to have charged section 4442, which defines forgery generally, and also, uttering as true forged instruments, including orders for money or goods. Under the ruling in *Hoskins* v. *State*, 11 *Ga.* 92, either forging or uttering and publishing as true the instrument set out in this indictment would fall properly under section 4442; and if the accused was charged with uttering, it would be necessary to allege unequivocally that he uttered the writing *as true*. *Couch* v. *State*, 28 *Ga.* 367. In *Gibson's* case, 79 *Ga.* 344, it was held that an indictment for *forging or uttering as true* an instrument similar to the one in the present indictment should be based on section 4442 and not on section 4450, the latter relating to notes, bills, drafts

and checks. This last case, however, rules nothing as to cases arising under section 4455. This section makes felonious an act distinct from either forgery or uttering as true a forged paper, according to the technical definition of these offences. See remarks by Judge LUMPKIN in *Hoskins'* case, *supra,* p. 102. The count upon which the accused in the present case was convicted charges him with attempting to commit the crime defined in the section last cited, and not with attempting to forge or utter as true the paper in question. Consequently, this section, in connection with section 4712, both of which the court gave in charge, was applicable.

Designating the offence charged in the second count as "forgery," even if not perfectly accurate, was of no consequence, the description, and not the name, characterizing it. We are not prepared, however, to say this designation was entirely inappropriate. The attempted crime belongs to the same family as forgery, and is dealt with in the same division of the penal code. While the act done was not the fabrication of a false instrument usually constituting forgery, it is a kindred offence, and even more closely resembles the uttering as true of a forged paper. As only the attempt was charged in this count, it would have been better to designate the offence as an attempt to commit forgery, if the word "forgery" was to be used at all, but these are all immaterial matters. The count was quite sufficient for all practical purposes, and plainly enough informed the accused of the nature of the charge against him.

*Judgment affirmed.*