## OWEN *v.* THE STATE.

LAMAR, J.   1. The motion for a new trial properly presents no ground other than that the verdict was contrary to law.   *Griffin* v. *Henderson,* 117 *Ga.* 382; *Owens* v. *State,* 120 *Ga.* 209.

2. The evidence was conflicting, but sufficient to sustain the finding that the defendant was guilty of manslaughter.   The verdict having been approved by the trial judge, this court will not interfere with his judgment refusing to grant a new trial.          *Judgment affirmed.   All the Justices concur.*

Submitted February 22,—Decided March 2, 1905.

Conviction of manslaughter.   Before Judge Reagan.   Pike superior court.   January 5, 1905.

*Henry C. Farr,* for plaintiff in error.

*O. H. B. Bloodworth, solicitor-general,* contra.

---

## ALEXANDER *v.* THE STATE.     WILSON *v.* THE STATE.

EVANS, J.   An indictment which charges the accused with having, on a day named, in a designated county of this State, committed a misdemeanor, in that he, being at the time a single man, did unlawfully have sexual intercourse with and carnally knew a named married woman whose husband was other than the accused, is not open to demurrer on the ground that it "does not specify any recognized crime, as he is only accused of sexual intercourse, and does not state that he is guilty of fornication and adultery." To so denominate the offense was not essential, since it "has been often ruled in this court that an offense is characterized, not by its specific designation in the indictment, but by the criminal acts therein alleged to have been committed." *Disharoon* v. *State,* 95 *Ga.* 356, and cases cited.
          *Judgment in each case affirmed.   All the Justices concur.*

Argued February 22.—Decided March 2, 1905.

Indictment for fornication and adultery.   Before Judge Griffin. City court of Valdosta.   January 14, 1905.

*T. H. Nolan,* for plaintiff in error.

*S. M. Varnedoe, solicitor,* contra.