## 2410. CONNERAT *v.* CITY OF ATLANTA.

Where one is summoned to appear before the recorder of the City of Atlanta, to answer for an alleged violation of a city ordinance, and fails to appear in obedience to the summons, or where he does appear and his case is postponed to another day, and he is ordered by the recorder to appear on the day to which the case has been postponed, and he refuses and fails to appear, either in obedience to the summons or in obedience to the order of the court, he may be adjudged guilty of contempt and punished accordingly.

Certiorari; from Fulton superior court—Judge Ellis. January 12, 1910.

Submitted March 8,—Decided April 6, 1910.

*Anderson, Felder, Rountree & Wilson, R. P. King,* for plaintiff in error. *J. L. Mayson, W. D. Ellis Jr.,* contra.

HILL, C. J. The plaintiff in error appeared before the recorder of the City of Atlanta, to answer a charge against him for violating

the automobile ordinance of the city.    He asked that his case be continued, in order that he might procure necessary evidence for his defense; and the recorder postponed the hearing of the case until September 21.    The plaintiff in error then stated to the recorder that on that day he could not be present, as he was a traveling man and it would be inconvenient for him to be in the city then; and the recorder informed him that if he was not present that day he would be in contempt.    He did not appear on the day to which his case had been postponed.    Subsequently he appeared before the recorder and was acquitted on the charge of violating the automobile ordinance.    A case was then made against him for contempt because of his failure to appear on September 21, the day to which his case had been postponed, in obedience to the order of the recorder; and he was adjudged guilty of contempt.    He filed a petition for a writ of certiorari, which was sanctioned.    The judge of the superior court dismissed the certiorari, and this judgment is assigned as error.    It is insisted that under the facts the recorder had no authority to punish for contempt; that the failure of the defendant to appear and answer to the criminal charge subjected him only to a forfeiture of his bond or recognizance, or to arrest, but in no event was such failure a proper legal basis for contempt proceedings.

The charter of the City of Atlanta provides that the mayor and general council shall have authority to compel the attendance of parties and witnesses before the mayor's court, to answer for alleged violations of municipal ordinances, and to pass all ordinances necessary to carry these provisions into effect.    City Code of Atlanta, §§21, 211.    And under the charter of the City of Atlanta, the authority conferred upon the mayor and general council is conferred upon the recorder.    Id. §198.    Under these charter provisions the following ordinances were passed: "Any person summoned as aforesaid who shall fail, neglect, or refuse to appear, or to render a satisfactory showing for such failure, neglect, or refusal to appear and answer the charge specified, may be fined in a sum not exceeding $100, and the cause continued to such time as the court may direct, and the court shall issue an order requiring the chief, or other member of the police force, to arrest said offender, and bring him or her before the court to answer said contempt," etc.    Id. §1768.    Also, "Any person who, during the

sitting of the police court, or during a session of the council or general council, or board of aldermen, shall be guilty of a contempt of court or of council, or refuses to abide by any sentence or order of said court or council aforesaid, shall be fined," etc.    Id. § 1777. It would seem that these ordinances, adopted under authority conferred by the charter, authorize the recorder to punish for contempt any person who refuses to appear before the court in obedience to the summons, or voluntarily appears and then refuses to obey any order or judgment of the recorder passed in his case.    We think the City of Atlanta, acting through its police officers, has authority to arrest one charged with a violation of an ordinance of the city and require him to give bond to appear before the recorder and answer such charge, and, on his failure to give such appearance bond, to hold him in custody for that purpose; or the arresting officer, or the officer who makes a case against him, can give him a summons to appear before the recorder to answer the charge. If the latter plan is adopted and the person so notified to appear before the recorder fails to obey, the recorder would be authorized to punish for contempt, for his not appearing in obedience to the summons.    In the present case it does not appear, from the evidence, whether the plaintiff in error was served with a summons when the case was made against him or not, but it is shown that he did in fact appear before the recorder for the purpose of answering the charge of violating the automobile ordinance of the city, and that on that day, on his own motion, the case was postponed, and he was ordered to be in court on the day to which his case had been postponed.    He disobeyed this order of the court; whether wilfully or not, or by advice of his counsel, makes no difference.    His excuse for disobedience was not satisfactory to the recorder; and this court will not undertake to review the discretion of the recorder on that subject.    This is not a case where the defendant is under bond or personal recognizance to appear, but a case where the defendant was before the court and his case was postponed and he was then ordered by the recorder to appear on the day to which his case had been postponed.    The court had the right to pass the order.    In fact it was done at the request of the defendant himself.    It was the duty of the defendant to obey the order, and his disobedience subjected him to be dealt with for contempt, under the language of the ordinances above quoted.

Even if these ordinances did not confer this authority upon the recorder, the general law of the State would have given him such authority.    The mayor's court of the City of Atlanta is one of the inferior courts established by law and referred to in section 4043 of the Civil Code.    *Swafford* v. *Berrong, 84 Ga.* 65 (10 S. E. 393). Every court in this State has power to compel obedience to its judgments, orders, and provisions.    And the Civil Code, §4046, provides that the several courts of this State shall have power to inflict summary punishment for contempt of court, for disobedience or resistance by any officer of court, party, juror, witness, or other person or persons, to any lawful writ, process, order, rule, decree, or command of said courts.

We think that the recorder, therefore, under the facts of this case, was authorized to punish, for contempt of court, the disobedience of the defendant to his order or command to appear in court to answer the charge against him on the day to which his case had been postponed, both under the ordinances of the city and under the general law relating to the subject.

*Judgment affirmed.*