## 3955. McKissick v. The State.

RUSSELL, J. 1. Although the indictment, if treated as charging the defendant as accessory after the fact of the offense of burglary, may be technically defective, the true character of a criminal accusation is not fixed by the denomination given it by the pleader, but by its allegations; and the indictment · in the present case is a sufficient charge against the defendant of the statutory offense of receiving stolen goods. Penal Code (1910), § 168.

2. There was no abuse of discretion in refusing a continuance.

3. Many of the numerous assignments of error are without merit, and none of them offer any substantial reason why the judgment of the lower court, in refusing a new trial, should be reversed.

4. The evidence fully supports the verdict.　　　*Judgment affirmed.*

　　　　　DECIDED OCTOBER 22, 1912.

Indictment for being accessory, etc.; from Haralson superior court—Judge Edwards. December 15, 1911.

The indictment charged that W. J. McKissick was "accessory after the fact of burglary," in that he did "buy and receive from Carl Davis and Rowe Lindsey the following goods, chattels and effects, to wit: [describing them and stating their value], all of which said goods, chattels, and effects had been then and there, in said county, feloniously taken from the store-house of one G. W. & J. C. Tumlin Co. by the said Carl Davis and Rowe Lindsey by breaking and entering the store-house of said G. W. & J. C. Tumlin Co. feloniously with intent to commit a larceny then and there, and, after so breaking and entering said store-house of said G. W. & J. C. Tumlin Co., did take and carry away said goods with intent to steal the same, contrary to the laws of said State, the good order, peace and dignity thereof; the said store-house then and there belonging and in possession of said G. W. & J. C. Tumlin Co.; and the said W. J. McKissick then and there knowing the said goods, chattels, and effects above set out to have been so stolen and feloniously taken as aforesaid by the said Carl Davis and Rowe Lindsey. The said Carl Davis and Rowe Lindsey have heretofore at this term of the court been duly indicted by the grand jury of said county selected, chosen, and sworn at this term of said court, for the crime of burglary, for the breaking and entering of said store-house aforesaid, and for having stolen and feloniously taken the said goods, chattels, and effects from the said store-house of said G. W. & J. C. Tumlin Co. as aforesaid, and have filed and entered their pleas of guilty to said charge of burglary as aforesaid,

46

as charged in indictment aforesaid, at this term of said court." The accused demurred to the indictment generally, and also upon the special ground that the ownership of the goods was not alleged. Other grounds of the special demurrer were abandoned in the brief of his counsel in this court. The verdict was as follows: "We, the jury, find the defendant guilty and recommend that he be punished as a misdemeanor."

*G. R. Hutchens, H. J. McBride,* for plaintiff in error.
*J. R. Hutcheson, solicitor-general,* contra.