### 5929. SNEED *v.* THE STATE.

RUSSELL, C. J.  1. The code section which denominates cattle-stealing as "simple larceny," and directs that it shall "be so charged in the indictment" (Penal Code, § 156), is complied with by an indictment for cattle-stealing which charges the offense of simple larceny in the terms and language of the code, though in that part of the indictment which precedes the allegations thus describing the offense it is entitled simply as "larceny." Penal Code, § 954. "The true character of a criminal accusation is not fixed by the denomination given it by the pleader, but by its allegations." *McKissick* v. *State,* 11 *Ga. App.* 721 (76 S. E. 721); *Camp* v. *State,* 3 *Ga.* 419; *O'Halloran* v. *State,* 31 *Ga.* 206, 208; *Disharoon* v. *State,* 95 *Ga.* 351 (1), 356 (22 S. E. 698). The designation "larceny," construed with the subsequent allegations in the indictment which are amply descriptive of the offense of simple larceny, means simple larceny, and can not be understood as denominating any other offense. In view of the variance in the code definitions of different species of larceny, descriptive averments which are sufficient to define accurately any particular species of larceny necessarily differentiate it from any other species of that offense.

2. Proof of the corpus delicti may afford sufficient corroboration of a plenary confession to warrant a conviction for crime. However, a confession alleged to have been made by the accused, that he took the cow which was alleged to have been stolen and sold her to a named person, is not corroborated by proof that the cow was found in the possession of another and entirely different person from him to whom the accused confessed he had sold it, nor by uncontradicted testimony of the person in possession of the cow that he did not buy her from the person to whom the defendant confessed he sold and delivered the cow, and that he himself raised the cow; nor is the confession corroborated by the positive and uncontradicted testimony of the person who, according to the alleged confession, bought the cow from the accused, to the effect that he never bought the cow or ever at any time had it in his possession. Nor was the proof as to the tracks of the defendant sufficient to corroborate the confession. It was not shown that the tracks led in the direction of the home or pasture of the person to whom, according to the alleged confession, the cow was sold. The tracks were found several miles from the place where the cow was discovered, and the proof of the tracks is of itself too inconclusive to afford corroboration. It follows that the conviction of the accused necessarily depends solely upon the confession, and it is therefore contrary to law.

*Judgment reversed. Broyles, J., not presiding.*
DECIDED MAY 17, 1915.

Indictment for larceny; from Upson superior court—Judge R. T. Daniel.  July 18, 1914.

The indictment charged Sneed with "the offense of larceny, for that the said  .  .  Sneed, on the 10th day of March, in the year 1911, in the county aforesaid, did then and there unlawfully and with force of arms take, steal, and carry away, with intent to steal the same, one black Jersey cow, three years old, the property of Charlie Prater, and of the value of $20.00, contrary to the laws of said State," etc.  The defendant demurred on the following grounds:  (1) Because the offense is charged to be "larceny," when the acts alleged make the offense simple larceny, and under the law it must be so charged in the indictment.  (2) Because the acts alleged do not constitute the offense charged in the indictment.  (3) "Because under the allegations of the acts done by defendant in said indictment, it is cattle-stealing and he is guilty of simple larceny, and it must be so charged in the indictment, and the charge in the indictment is larceny."  (4) Because no sufficient description of the cow alleged to have been stolen is given in the indictment.

*J. Y. Allen,* for plaintiff in error.

*E. M. Owen, solicitor-general, W. Y. Allen,* contra.