### 6982.   LUMMUS v. THE STATE.

BROYLES, J.   1.   The offense is characterized in the indictment not by the
name given it therein, but by criminal acts therein alleged to have been
committed.   *Camp* v. *State,* 3 *Ga.* 417; *O'Halloran* v. *State,* 31 *Ga.* 206;
*Aiken* v. *State,* 90 *Ga.* 452 (1), 454 (16 S. E. 206), *Disharoon* v. *State,*
95 *Ga.* 351 (1), 356 (22 S. E. 698); Joyce on Indictments, § 334 (a).

(a) The indictment in this case was not defective because it alleged that
the offense was a "felony," when the facts alleged therein clearly showed
it was a misdemeanor.

2. For the above reason the court did not err in overruling the demurrer
to the indictment.

3. There was no error in ruling out the testimony as to the contents of
the note, the note itself being the best evidence on that subject.

4. The instructions of the court complained of, when construed in the light
of the evidence and of the entire charge, contain no material error.

5. There was some evidence to support the verdict, and, it having been ap-
proved by the trial judge, this court will not interfere.

                                          *Judgment affirmed.*

                       DECIDED DECEMBER 9, 1915.

Indictment for fraudulent conversion; from Forsyth superior court—Judge Patterson. September 23, 1915.

*Howell Brooke,* for plaintiff in error.

*Herbert Clay, solicitor-general,* contra.