### 9800. PARKS v. THE STATE.

BROYLES, P. J. 1. The statute defining the offense of burglary (Penal Code of 1910, § 146) states that "all outhouses contiguous to or within the curtilage or protection of the mansion or dwelling-house shall be considered as parts of the same." Under the ruling in *Bryant* v. *State*, 60 *Ga.* 358, an outhouse may be considered a part of the dwelling-house if it be within its *protection*, although it may not be contiguous thereto or within its curtilage. In the instant case the corn-crib broken into, and from which corn was stolen, and the prosecutor's dwelling-house were in a "no fence" county, and neither was enclosed by any fence, and a public road ran between them. When the offense was being committed

the prosecutor and his wife, *at night, from their dwelling-house heard and saw the defendant breaking into the corn-crib*. This clearly shows that the corn-crib was so located as to be within the protection of the dwelling-house, and therefore, under the ruling just stated, it must be considered as a part thereof.

2. The conviction of the offense of burglary was amply supported by the evidence, and the court did not err in refusing to grant a new trial.

*Judgment affirmed. Bloodworth and Harwell, JJ., concur.*

DECIDED OCTOBER 8, 1918.

Indictment for burglary; from Dawson superior court—Judge Jones. May 8, 1918.

*R. H. Baker, B. P. Gaillard Jr.,* for plaintiff in error.

*Robert McMillan, solicitor-general,* contra.