*W. T. Dickerson,* contra.

---

### 11681.  WHITTEN, *alias* CROSBY, *v.* MAYOR & ALDERMEN OF SAVANNAH.

LUKE, J.  1. Where it is recited in a bill of exceptions in a criminal case that it is tendered "within the time allowed by law," and there is nothing in the bill of exceptions or the entries thereon, or in the record, tending to show that perhaps, as a matter of fact, the bill of exceptions was not so tendered, except that it was signed by the judge more than 20 days after the date of the judgment excepted to, the writ of error will not be dismissed on the ground that the bill of exceptions was not tendered and signed within 20 days from the date of the judgment excepted to. Under such circumstances it will be presumed that the bill of exceptions was tendered within 20 days from the date

377

of the judgment and that the judge held the papers, through no fault of the plaintiff in error or his counsel, until the date of the certificate. See in this connection, *Pennington* v. *Sparta*, 15 *Ga. App.* 287 (82 S. E. 826); *Strickland* v. *Brannen*, 18 *Ga. App.* 325 (89 S. E. 377); *Cole* v. *Western Union Telegraph Co.*, 23 *Ga. App.* 479 (98 S. E. 407); *Hammond* v. *Hammond*, 135 *Ga.* 768(3) (70 S. E. 588); *Jones* v. *State*, 146 *Ga.* 8 (90 S. E. 280).

2. Disorderly conduct, in violation of an ordinance of the City of Savannah, was the charge against the defendant. The evidence authorized the recorder, who tried her, to find that at night, at her home, she cursed police officers who had called her to her door to make inquiry of her about matters in their line of duty. She not only cursed them, but slammed the door of her house and ordered them away. It was not error for the judge of the superior court to overrule the certiorari.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED MARCH 8, 1921.

Certiorari; from Chatham superior court — Judge Meldrim. May 18, 1920.

*Robert L. Colding,* for plaintiff in error.

*Shelby Myrick, Edwin A. Cohen,* contra.