### 13936.   PERKINS *v.* THE STATE.

1. In a prosecution for forgery it is not necessary to allege or prove that actual loss resulted from the forgery.
2. What the solicitor-general on the argument of a demurrer says as to the section of the code under which an indictment is found does not necessarily determine the question; but the true criterion is the description of the crime as given in the indictment. "The description characterizes it."
3. "A written instrument set forth according to its tenor in an indictment must be proved as alleged;" hence, where an indictment for forgery of a note gave a copy of the note, including the date, and it was not charged that the forgery extended to a change of the date of the note, it was error to admit in evidence a note bearing a date different from that alleged in the indictment.
4. Grounds of a motion for a new trial should be complete in themselves, and where a particular ground is under consideration, reference to other grounds should not be required in order to understand the assignment of error.

DECIDED DECEMBER 12, 1922.

Indictment for forgery; from Morgan superior court — Judge Park. August 25, 1922.

*M. C. Few, B. J. Fowler,* for plaintiff in error.

*Doyle Campbell, solicitor-general, A. Y. Clement,* contra.

BLOODWORTH, J. 1. An indictment for forgery was demurred to on the grounds (*a*) that it is insufficient in law, " in that said indictment sets out that said note is a genuine note of the man who executed same, and sets out no material allegation that the alteration claimed to have been made would cause any loss to the drawer of said note;" and (*b*) " that said indictment fails to set out that the alterations of said note as alleged would cause any loss or did cause any loss to the drawer of said note." In *Barron v. State,* 12 *Ga. App.* 342 (1-*e*) (77 S. E. 214), this court held that " in a prosecution for forgery it is not necessary to allege or prove that actual loss resulted from the forgery." Under this ruling the demurrers were properly overruled.

2. The bill of exceptions recites that " upon the call of the said case and hearing of said demurrer, Doyle Campbell, solicitor-general of said court, stating to the court that said indictment was predicated under section 240 of the Penal Code of Georgia, defendant made motion to quash the said indictment upon the grounds that said indictment set forth no crime under penal statute 240 of the Penal Code of Georgia, 1910, and no offense under said section was set out in said indictment; and upon hearing said motion the court overruled said motion and directed said cause to proceed." Exceptions pendente lite were filed, and they show that this motion was " made orally in open court before arraignment." Even though the solicitor-general, upon the hearing of the demurrer, may have stated to the court that " said indictment was drawn under section 240 of the Penal Code, and was not drawn under section 231," this is no ground for quashing the indictment if in fact it is no good indictment under section 231 of the Penal Code of 1910. See, in this connection, *McDonald* v. *State,* 152 *Ga.* 223. It is not what the prosecuting attorney says about it, but it is the description of the crime given in the indictment, the criminal acts alleged therein to have been committed, that characterizes the offense. *McKissick* v. *State,* 11 *Ga. App.* 721 (76 S. E. 71); *Edwards* v. *Stale,* 22 *Ga. App.* 796 (97 S. E. 205); *Alexander* v. *State,* 122 *Ga.* 174 (50 S. E. 56). However, the solicitor-general

in his brief filed in this court now insists that the indictment is good under section 231 (7) of the Penal Code of 1910, and in this we agree with him. In the indictment there is embodied every material element of forgery required in an indictmnt under this section, and it could not be quashed on oral motion.

3. The indictment alleges that a forgery was committed by making certain material alterations in the body of a note, but does not allege that the date of the note, which was July 24, 1920, was altered. A copy of the note, including the date, was embodied in the indictment. To support the allegation of forgery a note was offered in evidence, dated April 24, 1920. The admission in evidence of this note was objected to on the ground that its date and that of the note a copy of which was incorporated in the indictment were different, and "therefore the proof did not fit the allegation." Over this objection the note was allowed in evidence. In *Thompson* v. *State,* 118 *Ga.* 330 (3) (45 S. E. 410), it was held that "a written instrument set forth according to its tenor in an indictment must be proved as laid, and a material variance will be fatal." In *Haupt* v. *State,* 108 *Ga.* 53 (2) (34 S. E. 313, 75 Am. St. R. 19), the Supreme Court said: "While in an indictment for forgery only the material parts of the instrument, as a contract, are required to be set out, yet when, as descriptive of the instrument charged to have been forged, minute particulars, such as the number of a check, are set forth in the bill, those particulars must be proved as laid; and when a bill of indictment charges the alteration of a check which is in part described as bearing a specified number, a check of similar import as that described but bearing another number is not admissible as being the original check alleged to have been altered." Under the rulings in the foregoing cases the court erred in admitting the note in evidence. See, in this connection, *McLendon* v. *State,* 121 *Ga.* 158 (48 S. E. 902); *Johnson* v. *State,* 119 *Ga.* 257 (2) (45 S. E. 960); *Robertson* v. *State,* 97 *Ga.* 206 (22 S. E. 974); *Forrester* v. *Vason,* 71 *Ga.* 49. There is a wide difference between the rule relating to the proof of the time of the commission of the crime as alleged in the indictment, and proof of the date of the note as set out therein and which is the basis of the prosecution for forgery. It is not necessary to prove the exact date set out in the indictment as the date on which the crime was committed, but the date upon which the

crime was committed can be shown to be any time previous to the return of the indictment, provided it is within the statute of limitations applicable to the crime alleged. But when a note alleged to have been altered is copied in an indictment for forgery, and it is not alleged that the date itself was changed, the date then becomes " descriptive of that which is legally essential to the claim or charge," and must be proved as laid, even though the record shows that only one note was given. *Southern Express Co.* v. *State*, 23 *Ga. App.* 67 (2), and cases cited on page 71 (97 S. E. 550). Moreover, the indictment in this case charges the alteration of a note, and the time of the alteration would fix the date of the crime, and this might be long after the date on which the note was executed.

4. This court is not called upon to consider the 3d special ground of the motion for a new trial, because it cannot be understood without reference to another ground of the motion. " Grounds of a motion for a new trial should be complete in themselves; and when a particular ground is under consideration, reference to other grounds should not be required in order to understand the assignments of error." *Bowen* v. *Smith-Hall Grocery Co.*, 146 *Ga.* 157 (4) (91 S. E. 32).

5. As a new trial must be granted in this case it is unnecessary to pass upon the assignments of error not covered in the foregoing rulings.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*