### 16378. MOORE *v.* THE STATE.

LUKE, J. 1. The fact that an indictment for burglary designated the offense as "misdemeanor" affords no cause for a new trial. The misnomer was not brought to the attention of the court prior to the entry of the defendant's plea of not guilty, and throughout all the subsequent proceedings the court properly treated the offense as a felony. *Camp* v. *State,* 3 *Ga.* 419; *Camp* v. *State,* 25 *Ga.* 689 (3); *O'Halloran* v. *State,* 31 *Ga.* 206; *Disharon* v. *State,* 95 *Ga.* 351 (22 S. E. 698); *Alexander* v. *State,* 122 *Ga.* 174 (50 S. E. 50); *Lipham* v. *State,* 125 *Ga.* 52 (53 S. E. 817, 114 Am. St. R. 181, 5 Ann. Cas. 66).

2. A smokehouse within 65 feet of the owner's dwelling house and used by him as an outhouse and place for storing meat is among the buildings referred to in section 146 of the Penal Code (1910), defining the offense of burglary, regardless of whether the smokehouse is within the same inclosure as the dwelling. *Bryant* v. *State,* 60 *Ga.* 358; *Parks* v. *State,* 22 *Ga. App.* 621 (96 S. E. 1050).

3. The charge was sufficiently full and fair, and the record discloses no reversible error.

Judgment affirmed. *Broyles, C. J., and Bloodworth, J., concur.*

DECIDED JULY 14, 1925.

Burglary; from Grady superior court—Judge Custer. February 7, 1925.

*W. H. Duckworth,* for plaintiff in error.

*B. C. Gardner, solicitor-general, C. E. Crow, Billie B. Bush,* contra.