## 26141. DARDEN v. THE STATE.

BROYLES, C. J. 1. The Code section (26-2607) which denominates cattle-stealing as "simple larceny," and directs that it shall "be so charged in the indictment," is sufficiently complied with by the indictment for cattle-stealing in this case which charges that offense in the language of the Code, except that in that part of the indictment preceding the allegations describing the offense it is entitled "a felony." "The true character of a criminal accusation is not fixed by the denomination given it by the pleader, but by its allegations." *Sneed* v. *State*, 16 *Ga. App.* 351 (85 S. E. 354), and cit. The offense of cattle-stealing, while denominated by the Code section as "simple larceny," is nevertheless a felony, and the denomination of the offense in the indictment as "a felony," while subject to criticism as not following the express language of the Code, does not subject the indictment to demurrer, since the subsequent allegations of the indictment clearly described the offense of simple larceny (cattle-stealing), and stated that offense so plainly that its nature could easily be understood by the jury. See Code, § 27-701. The overruling of the demurrer to the indictment was not error.

2. The evidence amply authorized the defendant's conviction of the offense charged; and none of the special assignments of error shows cause for a reversal of the judgment overruling the motion for new trial.

*Judgment affirmed. Guerry, J., concurs.*

MACINTYRE, J., dissenting. Section 26-2607 of the Code says: "Cattle-stealing shall be denominated simple larceny, and be so charged in the indictment." The indictment did not denominate the offense of cattle-stealing as simple larceny as expressly required by the Code, but, on the contrary, denominated it as a felony. I think that when a special demurrer was prepared and in due time filed, asking that the indictment be perfected in this regard, the State should have done so. The defendant was entitled to have the indictment conform to what the Code section expressly prescribed, and when the judge by overruling the special demurrer refused to require the State to conform to this Code section, I think he committed reversible error. If the point had not been raised by demurrer, but made only after verdict, it would be otherwise.

DECIDED APRIL 10, 1937.

*Farr & Mitchell,* for plaintiff in error.
*John S. Gibson, solicitor-general,* contra.