27000.  WILLIAMSON v. THE STATE.

DECIDED SEPTEMBER 9, 1938.

*Alfred Herrington Jr., I. W. Rountree,* for plaintiff in error.

*W. H. Lanier, solicitor-general,* contra.

GUERRY, J.  ■ It is a question for the jury to determine whether a "smokehouse" located about twenty-five feet from the back door of the home of the prosecutor, and separated therefrom by a fence containing a gate leading from the yard immediately back of the house to the "smokehouse," is an outhouse "contiguous to or within the curtilage or protection of the mansion or dwelling-house" as provided in the Code, § 26-2401.  See *Bryant* v. *State,* 60 *Ga.* 358; *Wright* v. *State,* 12 *Ga. App.* 514 (77 S. E. 657); *Parks* v. *State,* 22 *Ga. App.* 621 (96 S. E. 1050); *McSwain* v. *State,* 34 *Ga. App.* 183 (129 S. E. 16).

■ In the trial of a criminal case the venue of the offense must be established clearly and beyond a reasonable doubt.  This may be done by circumstantial as well as by direct evidence.  *Whitfield* v. *State,* 51 *Ga. App.* 439, and cit. While it is true that proof that the crime was committed a given distance from a designated point in the county of the trial is not alone sufficient to establish the venue of such crime within the county *(Futch* v. *State,* 90 *Ga.* 472, 16 S. E. 102; *Berry* v. *State,* 92 *Ga.* 47, 17 S. E. 1006; *Green* v. *State,* 110 *Ga.* 270, 34 S. E. 563; *Jones* v. *State,* 113 *Ga.* 271, 38 S. E. 851), and therefore that the evidence in the present case that the smokehouse alleged to have been burglarized was located twenty-five feet from the house of the prosecutor, which was in the county of the trial, was insufficient, standing alone, to establish the venue of the offense charged in that county, yet where the prosecutor testified that his "home" was in Emanuel County (the county of the trial), we think this was sufficient in the absence of a contrary showing to authorize the jury to reasonably conclude that the prosecutor's residence as well as all contiguous buildings used in connection therewith were in such county, there

being no indication in the evidence that the county line was in close proximity to the residence of the prosecutor, so as to make it "possible and reasonable that the crime was committed beyond the jurisdiction of the court." *Wilson* v. *State,* 6 *Ga. App.* 16 (2) (64 S. E. 112). See *Womble* v. *State,* 107 *Ga.* 666 (3) (33 S. E. 630). Therefore, under the above ruling that the jury were authorized to find that the "smokehouse" was an outhouse "contiguous to or within the curtilage or protection of the mansion or dwelling-house," we do not think the evidence insufficient as a matter of law to establish the venue of the offense in Emanuel County.

■ The evidence supported the verdict, and the judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*