## 28904. HUGHES v. GEORGIA POWER COMPANY.

DECIDED MAY 21, 1941. REHEARING DENIED JUNE 20, 1941.

*James A. Belflower, F. Joe Turner,* for plaintiff.

*MacDougald, Troutman & Arkwright, W. H. Schroder Jr.,* for defendant.

GARDNER, J. The petition sets forth that the Georgia Power Company, as a common carrier of passengers for hire, operates street cars in the City of Atlanta. W. H. Hughes Jr., a high school boy, boarded a street car on April 5, 1940, and paid his fare. On the way to school he began smoking within the car. Upon reaching the vicinity of Fulton High School the motorman in charge of the car arrested Hughes and ejected him, and turned him over to two peace officers. One of these officers was a policeman of the City of Atlanta and the other was a deputy sheriff of Fulton County. Both were detailed specially to duties pertaining to the proper conduct of traffic relating to street car transportation of passengers, and were paid by the Georgia Power Company. The motorman was likewise clothed with police powers. The motorman instructed the other officers to deal with the plaintiff under a charge of "smoking on trolley." The officers detained Hughes not exceeding thirty minutes, and served him with a summons to appear before the recorder's court to answer the charge. The boy did not obey the summons. Thereafter, on April 9, the

two officers went to the high school and arrested Hughes in the presence of his school companions, and threatened to take him to prison for failure to obey the summons to appear before the recorder's court, and after about thirty minutes took him to the principal of the school who stood sponsor and surety for his appearance before the recorder's court the afternoon of the same day at 4:30. The boy appeared before the recorder's court as last directed. The two special officers appeared as prosecutors and witnesses against him for unlawfully "smoking on trolley." The recorder found him guilty and fined him $5 and costs. Upon failure to pay the fine petitioner was confined in the detention room for a short period of time. Shortly afterwards the sentence was suspended by the recorder and the boy was allowed to go on his own recognizance. The judgment and sentence were not set aside or vacated. On these narrated allegations of fact the plaintiff brought suit in five counts seeking recovery of damages against the defendant in error. The defendant filed general demurrers to the petition as amended and to each count thereof. The demurrers were sustained and the petition dismissed, and the plaintiff excepted. The five counts, properly construed, seek recovery on bases as follows: (1) the false imprisonment, (2) false imprisonment, (3) malicious prosecution, (4) malicious use of process, and (5) malicious abuse of process.

We consider the assignments as to count 1: Our Code, § 105-901, defines false imprisonment as follows: "False imprisonment consists in the unlawful detention of the person of another, for any length of time, whereby he is deprived of his personal liberty." The gravamen of the plaintiff's complaint is that there is no State or municipal law prohibiting "smoking on trolley," and that therefore his detention was unlawful and actionable. He nowhere alleges or infers that such conduct was not in violation of a rule promulgated by the defendant for the protection of its passengers and business, or that if there were such a rule it was void for unreasonableness. To correctly construe the petition it is to be assumed that there was such a rule in force. The officers are presumed to do their duty. It was their duty to enforce such regulation. It was not and could hardly be contended that "smoking on trolley" was an unreasonable regulation. "In the absence of regulation by the State, the whole subject of the making of

rules and regulations is left to the common carrier, subject only to control by the courts of their reasonableness or discriminatory character." *Railroad Commission of Georgia* v. *Louisville & Nashville Railroad Co.*, 140 Ga. 817, 826 (80 S. E. 327, L. R. A. 1915E, 902, Ann. Cas. 1915A, 1018). The Code, § 18-203, is to the same effect, and provides that all persons refusing to comply with reasonable regulations are guilty of improper conduct. It is not contended that the plaintiff was not guilty of improper conduct in violating a proper rule. There was no error in striking count 1 on demurrer.

In count 2 complaint is made that the officers falsely imprisoned the plaintiff upon going for him on April 9 for contempt in failing to appear on April 5 to answer the charge in the recorder's court which had been lodged against him on April 5. After such charge had been lodged against the plaintiff it is to be assumed that the officers were acting under the mandate of the authority of that court in requiring the plaintiff to appear and answer it. While it is true that the petition alleges that there is no ordinance of the City of Atlanta designated as "smoking on trolley," construing the petition most strongly against the plaintiff in this count, it is nowhere alleged in this count that there was not an ordinance under some other name which the plaintiff violated in his conduct of smoking on a trolley, in violation of the rule prescribed by the defendant for the protection of the public and its business. The names of the offenses are not material, but the description given in the indictment or accusation of the offense determines the nature of the crime charged. *Camp* v. *State*, 3 Ga. 417, 419; *O'Halloran* v. *State*, 31 Ga. 206, 208; *Lipham* v. *State*, 125 Ga. 52 (53 S. E. 817, 114 Am. St. R. 181, 5 Ann. Cas. 66); *Edwards* v. *State*, 22 Ga. App. 796 (97 S. E. 205). It is not alleged that there was not an ordinance in the City of Atlanta penalizing disorderly conduct, and it is not alleged that "smoking on trolley" was not a violation of such ordinance, or an ordinance by some other name. In fact the presumption is that there was such an ordinance. This presumption necessarily follows from the fact that the court authorities did the lawful, and not the unlawful, thing in docketing such a charge and requiring the defendant to answer in a court of competent jurisdiction. *Durden* v. *State*, 42 Ga. App. 442 (156 S. E. 731); *Johnson* v. *State*, 27 Ga. App. 679 (3-b) (109 S. E. 526). On such as-

sumption that there was such an ordinance covering disorderly conduct our courts have held: "To be guilty of 'disorderly conduct' the public or some member thereof must be disturbed" by the defendant's acts. *Williams* v. *Atlanta*, 61 *Ga. App.* 606 (7 S. E. 2d, 82). Again, "We recognize, of course, that the expression 'disorderly conduct' would include a variety of acts, and generally it would be a question for the magistrate to say whether or not the particular act complained of was comprehended within the expression 'disorderly conduct.'" *Sheppard* v. *Jackson*, 11 *Ga. App.* 811, 812 (76 S. E. 367). "Apparently the term 'disorderly conduct' is one of rather nebulous and uncertain meaning, since it has been variously defined in different jurisdictions, and no definition of such precision is generally accepted as that it may always be readily determined whether particular conduct is or is not disorderly." *Garvin* v. *Waynesboro*, 15 *Ga. App.* 633, 636 (84 S. E. 90); *Whitten* v. *Savannah*, 26 *Ga. App.* 377 (2), 378 (106 S. E. 302). It therefore follows that the court committed no error in sustaining the demurrer to this count. The recorder's court had authority to punish for contempt for failure to answer the charge. "Where one is summoned to appear before the recorder of the City of Atlanta, to answer for an alleged violation of a city ordinance, and fails to appear in obedience to the summons, or where he does appear and his case is postponed to another day, and he is ordered by the recorder to appear on the day to which the case has been postponed, and he refuses and fails to appear, either in obedience to the summons or in obedience to the order of the court, he may be adjudged guilty of contempt and punished accordingly." *Connerat* v. *Atlanta*, 7 *Ga. App.* 589 (67 S. E. 691).

Under count 3 recovery is sought for malicious prosecution. It is too well established to need comment or citation that a petition for malicious prosecution will not lie unless it is alleged that the prosecution has terminated in favor of the petitioner. *Cary* v. *Highland Bakery Inc.*, 50 *Ga. App.* 553 (179 S. E. 197); *Floyd County Dairies* v. *Brooks*, 61 *Ga. App.* 239 (6 S. E. 2d, 360); *Price* v. *Cobb*, 60 *Ga. App.* 59, 64 (3 S. E. 2d, 131). To the contrary, the plaintiff alleges that the judgment and sentence are still outstanding against him. They have not been set aside. It is true that there is a general allegation that the judgment is void, but from what we have said above this contention is untenable. In

view of the whole facts of this case and the validity of the judgment of a recorder's court, see *Milner* v. *Neel*, 114 *Ga.* 118, 121 (39 S. E. 890); *Wells* v. *Pridgen*, 154 *Ga.* 397, 399 (114 S. E. 355); *Kaiser* v. *Kaiser*, 178 *Ga.* 355 (2) (173 S. E. 688).

We consider counts 4 and 5: Count 4 is based on the malicious use of criminal process and count 5 on the malicious abuse of criminal process. An action will not lie for the malicious use or the malicious abuse of a criminal process. Such forms of action apply only to civil processes. *Grist* v. *White*, 14 *Ga. App.* 147 (2) (80 S. E. 519); *Floyd County Dairies* v. *Brooks*, supra; *McElreath* v. *Gross*, 23 *Ga. App.* 287 (98 S. E. 190); *Williams* v. *Adelman*, 41 *Ga. App.* 424, 427 (153 S. E. 234). The court did not err in sustaining the demurrers to counts 4 and 5.

Under the facts of this case, we find no law to justify the conduct of this young man, to say nothing of requiring some one to pay him therefor.

*Judgment affirmed. Sutton and MacIntyre, JJ., concur.*