## 49936. GARRETT v. THE STATE.

PANNELL, Presiding Judge.

Defendant was indicted in five counts charging him "with the offense of felony for that the said accused on" a certain date "in the County aforesaid did then and there unlawfully and with force of arms, knowingly and unlawfully *and with intent to defraud the Bank of Hiawassee* destroy, remove, conceal and transfer certain property, to wit: [certain personal property was described]. The same being under a certain security instrument [the date is given] to the Bank of Hiawassee for (an amount of money is stated), *with the intent to hinder the enforcement of said security interest,* contrary to the laws of said State, the good order, peace and dignity thereof." (Emphasis supplied.) With the exception of the dates and the amount owed the Bank of Hiawassee, all five counts are identical. The defendant moved to "quash" the entire indictment on three grounds, one of which was "the defendant's request that this indictment be quashed on the ground that said charge is insufficient to inform defendant of the nature of the offenses with which he is charged and is insufficient to protect the defendant from subsequent jeopardy." His motion was overruled and he appealed to this court enumerating as error the ground above quoted. *Held:*

Code § 26-1504 reads as follows: "A person commits the offense of damaging, destroying, or secreting property to defraud another person when he knowingly and with intent to defraud another person damages, destroys, or secretes any property of whatever class or character, whether the property of himself or of another person. A person convicted of the offense of damaging, destroying, or secreting property to defraud another person shall be punished by imprisonment for not less than one nor more than five years." Code § 26-1707 reads: "A person commits a misdemeanor when he destroys, removes, conceals, encumbers, transfers or otherwise deals with property subject to a security interest with intent to hinder enforcement of that interest. In a prosecution under this section the crime shall be considered as having been committed in any county where any act in furtherance of

the criminal scheme was done, or caused to be done."

The basic criteria of the crime described in § 26-1504 is the doing of the acts described with the "intent to defraud." The basic criteria of the crime described in Code § 26-1707 in doing the acts therein described is the "intent to hinder enforcement" of a security interest. § 26-1504 is a felony and § 26-1707 is a misdemeanor. The acts alleged to have been committed in each count of the indictment could apply to either crime and the intent requirements of both crimes is alleged. The only factor which indicates any intent on the part of the grand jury as to which crime is being charged, as distinguished from both, is that it indicted the defendant for a felony. While ordinarily the name or denomination given a crime will not control over the allegations (*McKissick v. State,* 11 Ga. App. 721 (76 SE 71); *Sneed v. State,* 16 Ga. App. 351 (85 SE 354); *Lummus v. State,* 17 Ga. App. 414 (87 SE 147); *Caesar v. State,* 22 Ga. App. 796 (97 SE 255)), and while the intent with which the alleged acts were done is generally crucial in determining the crime charged *(Gilmore v. State,* 118 Ga. 299 (1), (45 SE 226)), yet where, as here, the allegations of the acts done and as to the intent with which committed could be a charge of either the felony or the misdemeanor, we will, under these circumstances, give controlling effect to the description of the charge as a felony under Code § 26-1504. However, even should we assume that the indictment charges both the crime of felony and the crime of misdemeanor arising out of the same acts done with different intents, this would not cause the indictment to be subject to the demurrer or motion made and insisted upon here, the overruling of which is claimed to be error. For under these circumstances it would still clearly appear what crime or crimes were charged. The motion to quash does not raise the question of duplicity and in the absence of the motion to quash or the demurrer raising such question the appellant will be held to have waived such a defect by failure to do so. *Draper v. State,* 6 Ga. App. 12 (64 SE 117). A mixed count is subject to special demurrer. *Williams v. Candler,* 119 Ga. 179, 181 (45 SE 989).

The trial judge did not err in overruling the motion to quash on the ground urged.

*Judgment affirmed. Webb, J., concurs. Evans, J., concurs in the judgment only.*

Submitted November 6, 1974 — Decided December 5, 1974.

*William E. Woodside,* for appellant.