[No. 9174.  Department Two.  March 3, 1911.]

THE STATE OF WASHINGTON, *Respondent*, v. A. F. BROWN, *Appellant*.[1]

CRIMINAL LAW—INFORMATION—VARIANCE.  In a prosecution for obtaining money under false pretenses on a certain passenger train, alleged in the information as train No. 258, it is not necessary to identify the train by that number if it is otherwise sufficiently identified.

FALSE PRETENSES—EVIDENCE—FALSITY OF STATEMENTS.  In a prosecution for obtaining money under false pretenses, it is not necessary for the state to show that all of the representations were false.

CRIMINAL LAW—EVIDENCE—IDENTIFICATION OF MONEY—SUFFICIENCY.  In a prosecution for obtaining money by false pretenses, money taken from the accused is sufficiently identified to sustain a conviction, where the prosecuting witness described it as "currency" "four twenty-dollar bills," "United States Currency" etc., and that one was a yellow bill; the weight of the evidence being for the jury.

SAME—ADMISSIBILITY.  Upon a prosecution for obtaining four twenty-dollar bills by false pretenses, evidence that, on the day after, the sheriff found two such bills concealed in the overcoat of the accused after he had been once searched, is admissible without showing that the coat had been at all times in the possession of the accused.

CRIMINAL LAW—TRIAL—REOPENING CASE.  It is entirely within the discretion of the trial court to reopen a prosecution for obtaining money by false pretenses to permit further identification of the money.

Appeal from a judgment of the superior court for Kittitas county, Kauffman, J., entered January 24, 1910, upon a trial and conviction of grand larceny by false pretenses. Affirmed.

*Mires & Whitfield*, for appellant.

*E. K. Brown* and *Short & Gleysteen*, for respondent.

[1]Reported in 113 Pac. 782.

CHADWICK, J.—This case is dependent upon the same state of facts as the case of *State v. Williams, ante* p. 286, 113 Pac. 780. It is first alleged that the court erred in admitting the testimony of the express messenger, who testified that he had no household goods or jewelry in his possession. This error is predicated upon the theory that the evidence should have shown clearly that the crime had been committed on Northern Pacific. train No. 258, as alleged in the information; whereas the prosecuting witness did not identify the train as No. 258, and it was not shown that defendant ever represented that he had any goods or jewelry on train No. 258. The evidence shows that the crime was committed on a Northern Pacific train, and we think the train was sufficiently identified. But if it were not so, the number of the train cannot be held to be a material allegation of the information, any more so than a brand or mark when used in a pleading to identify property. If the thing be otherwise identified, as it was in this case, then the distinguishing mark or number becomes immaterial.

It is next contended that there was no evidence to prove that appellant did not in fact owe the Northern Pacific Railway Company $88. It is true that the state did not prove this fact, nor was it required to do so. The state was not bound to show more than the false pretenses and the loss of the money. It may be that appellant does owe the Northern Pacific Railway Company, but that fact would not absolve one who falsely pretended that he had a right to collect the amount due, or the one who, although he be in fact the debtor, prepared the mind of the victim for the onslaught upon his purse.

It is also insisted that it is not shown that the goods and jewelry were not in the possession of the Northern Pacific Railway Company, or in the possession of the appellant on the train upon which he was riding; that the state went no further than to show that they were not in the possession of the express company. We think this contention is met by

what we have just said, and needs no further comment. *State v. Montgomery*, 56 Iowa 195, 9 N. W. 120.

It is said that the money was not sufficiently identified. The prosecuting witness testified that it was "currency," "four twenty-dollar bills," "United States certificates," "United States currency," "paper money"; that "one was a yellow bill," etc. This court, as well as many others, has recognized that it is generally impossible to identify money with any great degree of certainty, and the best evidence of which the case is susceptible is received, leaving the fact to be determined by the jury. In *State v. Jones*, 53 Wash. 142, 101 Pac. 708, we said:

"Both on cross-examination and redirect examination the witness testified that he was familiar with 'United States money,' and that 'it was United States currency,' and that 'it looked like United States money.' He also described the several denominations of the bills alleged to have been stolen. The weight to be given to this evidence was for the jury. . . ."

See, also, *State v. Johnson*, 36 Wash. 294, 78 Pac. 903.

On the evening of the day on which the robbery was committed, and after appellant had been once searched, the sheriff found concealed in the overcoat of the appellant two twenty-dollar bills, and was permitted to testify to this fact. This is alleged to be error, because it was not shown that the coat was in the appellant's possession at all times after his arrest. The objection goes to the weight of the testimony and not to its relevancy, and appellant is foreclosed by the verdict of the jury.

It is further insisted that the court erred in allowing the case to be reopened after the parties had rested, to prove the identity of the money which had been taken from the possession of the two defendants and kept by the officers pending the trial. This was a matter entirely within the discretion of the trial court. The identity of the money was a question for the jury, and is likewise foreclosed by its verdict.

Judgment affirmed.

DUNBAR, C. J., CROW, and MORRIS, JJ., concur.