[No. 11260.   Department One.   August 6, 1913.]

THE STATE OF WASHINGTON, *Respondent*, v. RILEY ROBEY, *Appellant*.[1]

INDICTMENT AND INFORMATION—DESIGNATION OF OFFENSE—GAMING. An information for "conducting a gambling game as owner," under a statute designating the party committing the crime as "a common gambler," is not demurrable as having improperly designated the crime, where it was otherwise sufficient.

GAMING—ELEMENTS OF OFFENSE — STATUTES — CONSTRUCTION. In an information for conducting a poker game as owner, under Rem. & Bal. Code, § 2469, defining a common gambler as every person who conducts as owner  . . .  any gambling game or game of chance played with cards  . . .  "or any scheme or device whereby any money is bet, wagered or hazarded upon any chance or any uncertain or contingent event," it is not necessary to expressly charge that money was bet; since (a) the quoted words do not apply to that part of the statute; and (b) were it otherwise, the charge of playing poker for money alleges a game of chance, and a hazarding upon an uncertain or contingent event.

Appeal from a judgment of the superior court for Whitman county, Miller, J., entered October 17, 1912, upon a trial and conviction of being a common gambler.   Affirmed.

*J. T. Brown*, for appellant.

*R. M. Burgunder* and *Thomas Neill*, for respondent.

GOSE, J.—The appellant was convicted of being a common gambler, and has appealed from the judgment entered upon the verdict of the jury.   The information designates the

[1]Reported in 134 Pac. 174.

crime as "conducting a gambling game as owner," and charges that the appellant, in the. county of Whitman, on the 24th day of August, 1912,

"Then and there being unlawfully, wilfully, and feloniously did then and there open, carry on and operate as owner thereof a gambling game commonly known as poker, the same having been played and operated with cards for checks, said checks then and there being representatives of value, to wit: representatives of money whereby money was then and there hazarded on said game, and said game was then and there so played in a certain room of a certain building known as 'Curley's Bar,' in the city of Tekoa, said county and state."

The statute upon which the information is based, Rem. & Bal. Code, § 2469 (P. C. 135 § 433), provides:

"Every person who shall open, conduct, carry on or operate, whether as owner, manager, agent, dealer, clerk, or employee, and whether for hire or not, any gambling game or games of chance, played with cards, dice, or any other device [or any scheme or device whereby any money or property or any representative of either, may be bet, wagered or hazarded upon any chance, or any uncertain or contingent event], shall be a common gambler. . . ."

We have inserted the brackets for convenient reference.

The appellant seasonably interposed a demurrer to the information on the ground that it does not state facts sufficient to constitute a crime; and after his motion for a new trial had been overruled, moved an arrest of judgment upon the same ground. The order overruling the demurrer and denying the motion in arrest of judgment constitutes the alleged errors.

It is argued that "conducting a gambling game as owner" is not made a crime by the statute, but that the statute designates the party committing the crime as "a common gambler." It suffices to say that a wrong designation of a crime in an information, if the information is otherwise sufficient, does not render it obnoxious to a demurrer. *State v. Nelson,* 39 Wash. 221, 81 Pac. 721.

The principal contention is that the facts set forth in the information do not constitute a crime. This argument is predicated upon the fact that the information does not expressly charge that money was bet, wagered or hazarded "upon any chance or any uncertain or contingent event." This was not necessary. The statute clearly divides itself into two parts. Correctly interpreted, it means, (a) that every person who conducts or operates the games mentioned in the section preceding the words set forth in brackets shall be a common gambler; and (b) that every person shall be a common gambler who conducts or operates any "scheme or device" forbidden in the language contained in brackets. We do not think the statute is susceptible of any other reasonable interpretation. If this were not true, the charge that the appellant as owner conducted a poker game played with cards for checks as representatives of value so clearly shows a game of chance, and a hazarding upon an uncertain or contingent event, that a demurrer would not lie; for playing poker for money is a game of chance. The words set forth in brackets were no doubt used out of abundant caution to cover unusual forms of gambling.

The judgment is affirmed.

PARKER, MOUNT, and CHADWICK, JJ., concur.