[No. 13168. Department Two. February 2, 1917.]

THE STATE OF WASHINGTON, *Respondent*, v. A. MOSER,

*Appellant*.[1]

GAMING — INFORMATION — NAME OF OFFENSE. An information charging the acts constituting gambling as defined in Rem. Code, § 2469, is not defective in that it erroneously designates the offense as "conducting gambling."

CRIMINAL LAW—VERDICT—DESIGNATION OF OFFENSE. A verdict finding the accused guilty as charged in an information for gambling under Rem. Code, § 2469, is not void for indefiniteness or uncertainty, nor insufficient because not enumerating specifically the several acts charged; there being no degrees in the crime charged.

SAME—JUDGMENT—NAME OF OFFENSE. A judgment finding the accused guilty of an offense erroneously designated as "conducting gambling," is not invalid, where it appears from the recitals and record that the accused was charged with a specific offense and that the jury returned a verdict of guilty of that offense, and that he was adjudged guilty and sentenced upon the verdict.

TRIAL—EVIDENCE—OBJECTIONS. Objection that evidence is incompetent does not raise the point that the questions were leading.

GAMING—EVIDENCE—ADMISSIBILITY. In a prosecution for gambling, it is inadmissible to show that like games were conducted in the community and not generally considered to be gambling games.

WITNESSES—INCRIMINATION OF WITNESS. That the testimony of a witness, employed by and informed against with the accused, would tend to incriminate him, does not render the witness incompetent, and is not ground for objection by the accused.

GAMING—EVIDENCE—SUFFICIENCY. A conviction of conducting a gambling game as owner is sustained by evidence that the accused furnished a room and the necessary paraphernalia for playing studpoker, encouraged his customers to engage in it, and oversaw the game and took a percentage of the wagers on each hand.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered October 8, 1915, upon a trial and conviction of conducting a gambling game. Affirmed.

[1] Reported in 162 Pac. 582.

*J. W. Brooks*, for appellant.

*Earl W. Benson*, for respondent.

FULLERTON, J. — The appellant was convicted, in the superior court of Walla Walla county, of the crime of opening, conducting, and carrying on and operating as owner a gambling game, and appeals from the judgment and sentence pronounced upon him.

The information filed against him, omitting the formal parts, reads as follows:

"A. Moser is accused by the prosecuting attorney of the county of Walla Walla and state of Washington, by this information, of the crime of conducting gambling committed as follows: The said A. Moser on the 17th day of August, 1915, in the county of Walla Walla aforesaid then and there being, did wilfully, unlawfully and feloniously open, conduct, carry on and operate as owner a gambling game and game of chance played with cards whereby chips, a representative of money, was bet, wagered and hazarded upon a chance or uncertain or contingent event, which said gambling game or game of chance was so operated by the said A. Moser as owner, in that certain building located on the northwest corner of Third and Alder streets, city and county of Walla Walla, state of Washington, and in the back room of said building, contrary to the form, force and effect of the statute in such cases made and provided and against the peace and dignity of the state of Washington."

The first error assigned is that the information does not state facts sufficient to constitute a crime, the particular contention being that it charges the crime of conducting gambling, whereas there is no such offense under the laws of the state. It is true the information recites that the appellant is accused of the crime of conducting gambling, but this is but the name by which the prosecuting officer designated the offense. The sufficiency of the information does not depend upon the correctness of this designation; its sufficiency depends upon the facts alleged as constituting the offense. Here the facts alleged plainly charge the crime of opening,

conducting, carrying on and operating as owner a gambling game, the acts made a crime by the criminal code. Rem. Code, § 2469; *State v. Nelson,* 39 Wash. 221, 81 Pac. 721; *State v. Robey,* 74 Wash. 562, 134 Pac. 174.

The jury found the defendant guilty of the "crime charged in the information," and it is objected that this is insufficient, since it does not designate the degree of the crime of which the appellant is found guilty. But there are no degrees in this particular crime. The crime consists in doing one or more than one of the acts set forth in the statute as constituting the crime, and a verdict finding the defendant guilty as charged, on an information charging all of the designated acts, is not void for indefiniteness or uncertainty, nor insufficient because it does not enumerate specifically the several acts which it is found the defendant committed.

The judgment and sentence of the court was as follows:

"Now on this day comes Earl W. Benson, prosecuting attorney for Walla Walla county, Washington, and the above named defendant A. Moser, in his own proper person, and also by J. W. Brooks and John A. Metcalfe, his counsel, the same being the time fixed by this court to pronounce judgment and sentence herein upon the verdict of guilty heretofore entered herein. And the court thereupon informs the said defendant A. Moser of said verdict of guilty, and asks him if he has any legal cause to show why judgment should not now be pronounced against him, the defendant thereupon answers that he has not. Defendant's motion for a new trial is denied. Wherefore it is considered and adjudged by the court that upon the said verdict of guilty, said defendant A. Moser is guilty of the crime of conducting gambling and it is ordered and adjudged by the court that he, the said defendant A. Moser, be imprisoned in the penitentiary of the state of Washington, at Walla Walla in said state, for the period of not less than fifteen months nor more than five years, at hard labor. And it is further ordered and adjudged by the court, that he, the said defendant A. Moser, pay the costs of this prosecution, taxed at $69.90. Defendant by his counsel now gives notice of appeal in open court and his bond is fixed at $1,500.00."

It is objected that the sentence is void because it finds the defendant guilty of the crime of conducting gambling, a crime unknown to the laws.   But the judgment must be read as a whole and in connection with the record of the cause in which it is entered, and, if when so read, it is not indefinite or uncertain, it is neither void nor voidable.   From an examination of this record, we know that the appellant was charged with a specific offense, and that the jury returned a verdict against him finding him guilty of that specific offense.   The judgment makes it clear that he was adjudged guilty and sentenced upon the verdict.   The fact that the judgment, in designating the offense, may have given it a wrong designation does not affect the validity of the judgment.   *State v McLain*, 43 Wash. 124, 86 Pac. 388.

A number of questions were propounded to the state's witnesses by the prosecuting attorney to which the appellant made objections and which the trial court permitted to be answered.   These we shall not notice in detail.   While some of them appear to be leading, the objections went to the competency of the evidence sought to be elicited rather than to the form of the question.   The ruling of the court must be considered in the light of the objection, and we do not find that any incompetent evidence was elicited by the questions.

In this connection it is urged that the court erred in refusing to permit a witness to testify that other persons engaged in like business to that of the appellant permitted similar games to be conducted in their places of business; the purpose being to show that such games were not generally considered in the community to be gambling games such as were prohibited by the statute.   The evidence was properly rejected.   If the appellant actually violated the statute, the opinion of the community on the question was immaterial.

In the course of the trial, one Charles Hughes was called as a witness on behalf of the state.   It appeared that he had participated in the game as an employee of the appellant and had been informed against for the offense.   Objection was

made to his competency and to his testifying until he was informed of his right to refuse to testify, on the ground that his testimony might tend to incriminate himself. These objections the court rightly overruled. The fact stated did not render the witness incompetent, however much it might tend to impeach his reputation for veracity. His right to refuse to testify was a privilege personal to himself; the appellant could not make the objection for him.

Finally, it is urged that the evidence is insufficient to sustain the verdict. But we think it tended to support every material issue. The game the appellant was convicted of conducting was one commonly known as stud-poker. It was shown not only that the appellant furnished the room in which the game was played, furnished the paraphernalia necessary to carry it on, encouraged his customers to engage therein, and oversaw the game himself or hired some one to oversee it, but that he took from the sums wagered on each several hand, for his own emolument, a percentum of the amount wagered. The weight of the evidence was for the jury, and we have no warrant to disturb their conclusion.

The judgment is affirmed.

MORRIS, PARKER, WEBSTER, and HOLCOMB, JJ., concur.