## BILL LUTHER v. STATE.

No. A-3620—Opinion Filed Dec. 4, 1920.

Rehearing Denied May 10, 1921.

(197 Pac. 533.)

(Syllabus.)

1. **ATTORNEY GENERAL—Powers as Prosecutor—Signing and Presenting Informations.** When requested by the Governor or either branch of the Legislature, the Attorney General is authorized to appear for the state in any court of the state to prosecute a criminal action, and in this respect he is clothed with the same powers as the county attorney, and may sign and present an information in such action.

2. **APPEAL AND ERROR—Presumption of Attorney General's Authority to Prosecute.** Where defendant fails to question the authority of the Attorney General to appear in the capacity of

a public prosecutor in the trial court, it will be presumed on appeal that the proceedings were in all respects regular, and that the Attorney General was clothed with the prerequisite authority to appear in that capacity.

3. **INDICTMENT AND INFORMATION—Misnomer of Offense— Effect.** The misnomer of an offense in an information does not affect the validity of the information, provided that in addition thereto there is contained in the information sufficient direct allegations of fact to charge the offense defined by the statute.

4. **APPEAL AND ERROR—Review—Sufficiency of Evidence.** Where there are facts and circumstances in evidence undenied which authorized the jury to reasonably conclude that defendant was guilty of the crime charged, the judgment will not be reversed because of the insufficiency of the evidence.

5. **SAME—Reduction of Sentence.** The judgment modified on the recommendation of the Attorney General.

*Appeal from District Court, Ottawa County;*
*S. C. Fullerton, Judge.*

Bill Luther was convicted of the crime of keeping a gambling house, and sentenced to serve a term of four years in the state penitentiary, and he appeals. Modified and affirmed.

*Nesbitt & Nesbitt,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

MATSON, J. It is first contended that the trial court erred in overruling the demurrer to the information. The particular grounds of demurrer relied upon are: (1) That the information does not substantially conform to the requirements of the laws of the state; that there is no valid information filed; (2) that the information does not state facts sufficient to charge an offense under the laws of the state.

Under the first alleged ground of demurrer above set

forth, it is contended that the information is fatally defective, for the reason that the same was never signed by the county attorney before it was filed in court. The information purports to be signed by S. P. Freeling, Attorney General of the state of Oklahoma, C. W. King, Assistant Attorney General of Oklahoma, and by A. W. Turner, county attorney. In this connection it is contended, however, that at the date of the filing of the information the said A. W. Turner was not the county attorney of Ottawa county, Okla., and had no authority whatever to sign said information in any such official capacity.

It is not questioned, however, but that the information was signed by the Attorney General of this state, and by one of his duly qualified and acting Assistant Attorneys General.

Section 8057, Revised Laws 1910, provides, among other things, that—

The Attorney General shall, "when requested by the Governor or either branch of the Legislature, appear for the state and prosecute or defend in any court or before any officer, in any cause or manner, civil or criminal, in which the state may be a party or interested."

It is unquestionably true that upon request of the Governor or either branch of the Legislature, the Attorney General is authorized to appear for the state and prosecute a criminal action, and in this respect he is clothed with the same powers as the county attorney. *Dupree v. State*, 14 Okla. Cr. 369, 171 Pac. 489, L. R. A. 1918D, 365.

The authority and power of the Attorney General to appear, present the information, sign the same, and prosecute this case in the trial court was not raised therein. Counsel who appeared for defendant in the trial court did

not question the fact that the Attorney General was clothed with a request from the Governor to appear and prosecute this particular action, but relied entirely upon the failure of the county attorney to sign the information, at a time when he was the duly qualified and acting county attorney of Ottawa county, as fatal to its validity. We think this contention without merit. The Attorney General undoubtedly had the same power to appear, present, and sign an information, when requested by the Governor or either branch of the Legislature, as had the county attorney, and if defendant questioned such power and authority on the part of the Attorney General, it was his duty to plead in abatement of the action or to move to quash the information upon the ground that it was not found, indorsed, presented or filed as prescribed by the statutes. See section 5780, Revised Laws 1910.

The failure of defendant to move to set aside the information or to abate the action for such reason was a waiver on his part to question the authority of the Attorney General to appear in the capacity of a public prosecutor in the district court in this action, and in the absence of a showing that defendant in any manner questioned in the trial court the authority of the Attorney General to sign and present this information, it will be presumed on appeal that the proceedings were in all respects regular, and that the Attorney General was clothed with the prerequisite authority to appear in that capacity. It is the opinion of this court, therefore, that, irrespective of the question of whether or not A. W. Turner was county attorney at the time this information was filed, it appearing conclusively that the information was signed by the Attorney General of this state, and presented by him, without any proper attack being made in the trial court questioning such author-

ity, it must be held that the information was properly indorsed, presented, and filed, in sufficient conformity with the statutory provisions governing the presentment of informations in criminal causes in the trial courts of record in this state.

The second ground of demurrer, to wit, that the information does not state facts sufficient to charge an offense under the laws of this state is based on the proposition that it fails to allege the commission of an overt act on the part of the defendant, but merely charged him with the keeping of a place, without alleging any facts as to, what kind of a place defendant kept.

This prosecution is based upon section 6, chapter 26, Session Laws 1916. There is a recital in the information which names the crime as that of "keeping a place." We do not think that this misnomer of the offense affected the validity of the information, provided that in addition thereto there is contained in the information sufficient direct allegations of fact to charge the offense defined by the statute. *State v. Robey*, 74 Wash. 562 134 Pac. 174; *State v. Moser*, 94 Wash. 465, 162 Pac. 582; *McKissick v. State*, 11 Ga. App. 721, 76 S. E. 71; *Speer v. State*, 130 Ark. 457, 198 S. W. 113.

In the Speer Case, *supra*, the Supreme Court of Arkansas held:

"Where an indictment against an officer sufficiently charges a neglect of duty, a demurrer should not be sustained because the indictment called it 'malfeasance in office.' "

In the body of the opinion it is said:

"The name of the crime is controlled by the specific

acts charged, and an erroneous name of the charge does not vitiate the indictment"—citing several cases.

An examination of the information in this case convinces the court that it contains sufficient allegations of fact to constitute a good charge against defendant of unlawfully, willfully, and knowingly keeping and conducting a certain room in the town of Douthat, Ottawa county, Okla., in and at which there was played for money and other representatives of value certain specific games prohibited by chapter 26, Laws 1916.

It is also contended that the court erred in not sustaining the demurrer of defendant interposed to the evidence of the state, and in not advising the jury to return a verdict of not guilty because of the insufficiency of the evidence. The evidence in this case on the part of the state clearly establishes that the unlawful games of poker and craps were played at for money on premises leased by defendant, and in a room of a building erected by him. The prosecution had to rely upon the testimony of certain officers of that county, and other witnesses, whom it is clear from their direct and cross-examination were not friendly to the state, but it may be stated that there are facts and circumstances in evidence which authorized the jury to reasonably conclude that defendant, if not the real owner and operator of the unlawful premises, was aiding and abetting in its operation during the time alleged in the information. Defendant did not take the witness stand, nor make any denial of his alleged connection with this unlawful enterprise

The jury returned a verdict of guilty, but were unable to agree on the punishment, and requested the court to inflict the punishment. The court sentenced defendant

to serve a term of four years in the state penitentiary. The maximum punishment prescribed by the foregoing section of the statute is a term of five years in the state penitentiary. The Attorney General has suggested to the court that the ends of justice would be best subserved by modifying the judgment to provide a term of two years imprisonment in the state penitentiary instead of four years. The court takes the view that the recommendation of the Attorney General is proper; that while the evidence in this case is sufficient to connect defendant with the commission of the offense, yet in view of the additional fact that the jury was unable to agree on the punishment and the punishment imposed being so near the maximum under the law, it appears that the ends of justice would be fully met by modifying the judgment to provide two years' imprisonment in the penitentiary, as recommended by the Attorney General

The judgment, therefore, is accordingly modified to provide a term of imprisonment of two years in the state penitentiary, instead of four years, and, as so modified, is affirmed.

DOYLE, P. J., and ARMSTRONG, J., concur.