[No. 17770.  Department One.  April 30, 1923.]

THE STATE OF WASHINGTON, *Respondent*, v.
F. C. HOGAN, *Appellant*.[1]

CRIMINAL LAW (231)—TRIAL—REOPENING CASE FOR FURTHER EVI-
DENCE.  In a criminal case, it is discretionary for the trial court to
reopen a case for further testimony; and it is not an abuse to re-
open a case to allow a police officer to identify an exhibit.

SAME (227)—TRIAL—ORDER OF PROOF.  In a criminal case, it is
discretionary to allow redirect examination upon a matter not gone
into on direct or on cross-examination, and not an abuse to allow
a police officer to testify as to a conversation had with accused after
being arrested.

Appeal from a judgment of the superior court for
King county, Gilliam, J., entered June 6, 1922, upon a
trial and conviction of the unlawful possession of in-
toxicating liquors.  Affirmed.

*H. S. Frye*, for appellant.

*Malcolm Douglas* and *Cordelia M. Thiel*, for re-
spondent.

MAIN, C. J.—The defendant was charged with, tried,
and convicted of the crime of keeping intoxicating
liquor with intent to sell the same, and appeals from
the judgment entered upon the verdict.

When the state rested its case, appellant indicated a
desire to make a motion for dismissal, and the trial
court expressed doubt about a ruling it had made in
admitting in evidence a bottle and its contents.  The
doubt expressed was over the question as to whether
this particular exhibit had been sufficiently identified.
The deputy prosecuting attorney moved to reopen the
case and call a witness who could supply the identify-

[1]Reported in 214 Pac. 634.

ing evidence. The case was reopened for the purpose
of calling Captain Haag, a police officer. During the
taking of the testimony of this officer, he went farther
than merely identifying the bottle, and gave evidence
as to a conversation which he had with appellant when
the latter was brought to the police station after he
had been arrested for the crime for which he was then
on trial. It is claimed that it was error for the trial
court, after the state had rested, to permit the reopen-
ing of the case and the taking of further testimony.
This is a matter which ordinarily rests in the sound
discretion of the trial court and, in the absence of an
abuse of that discretion, does not constitute error.
*Knapp v. Order of Pendo,* 36 Wash. 601, 79 Pac. 209;
*State v. Sexton,* 37 Wash. 110, 79 Pac. 634; *State v.
Constatine,* 43 Wash. 102, 86 Pac. 384, 117 Am. St.
1043; *State v. Brown,* 62 Wash. 293, 113 Pac. 782; *State
v. Hornaday,* 67 Wash. 660, 122 Pac. 322.

It is also contended that it was error for the trial
court to permit Captain Haag to testify on redirect
examination concerning matters that were not testified
to by him on direct examination or brought out in
cross-examination as to conversations had with the
appellant. Whether a witness may testify on redirect
examination as to matters not referred to in either the
direct or cross-examination is a matter which rests
largely in the discretion of the trial court, and the rul-
ing thereon will not be disturbed in the absence of a
showing that that discretion has been abused. *City of
Springfield v. Dalbey,* 139 Ill. 34, 29 N. E. 860; *Kidd
v. State,* 101 Ga. 528, 28 S. E. 990; *George v. State,* 61
Neb. 669, 85 N. W. 840; *Chesapeake & O. R. Co. v.
Lynch,* 28 Ky. 467, 89 S. W. 517.

There was no abuse of discretion in this case by the
trial court in permitting the case to be reopened for

further testimony, or in permitting the witness to testify upon redirect examination to matters which were not brought out upon his direct or cross-examination. The subject-matter of the questions put to the witness on reexamination was not objectionable.

The judgment will be affirmed.

Holcomb, Mitchell, Bridges, and Mackintosh, JJ., concur.