## MATT COLLINS et al. v. STATE.

No. A-4965. Opinion Filed Aug. 11, 1925.
Rehearing Denied Oct. 30, 1925.
(240 Pac. 135.)

Kelly Brown and P. A. Gavin, for plaintiffs in error.

Geo. F. Short, Atty. Gen., and Leon S. Hirsh, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiffs in error will be referred to as defendants, as in the court below.

The record discloses that defendants were convicted of maintaining a nuisance and each sentenced to pay a fine and to imprisonment in the county jail. The defendants were duly arraigned, pleaded not guilty, and were tried to a jury.

The only assignments of error urged by the defendants which are necessary to consider are as follows:

"First, error in overruling the defendants' demurrer to the information; second, error in overruling the defendants' motion to strike from the setting of the criminal docket; third, error in refusing requested instructions and error in instructions; fourth, insufficiency of the evidence."

The first assignment of error relates to defendants' demurrer to the information as being defective for the rea-

son that the same charges defendants with maintaining a "whisky nuisance," which it is alleged is not covered by the statute defining a "public nuisance," and does not constitute a public offense. Following the former holdings of this court, the information is sufficient to charge a public offense. An information is sufficient when it clearly and distinctly states the facts in ordinary and concise language, which construed under the ordinary rules of construction of the English language would enable a person of common understanding to know what is meant, and sufficiently certain to enable a defendant to prepare his defense and to plead a judgment of acquittal or conviction in bar to a subsequent prosecution. Section 2563, Comp. St. 1921; Arnold v. State, — Okla. Cr. —, 132 P. 1123; Maples v. State, 30 Okla. Cr. 151, 235 P. 264.

When the essential facts constituting a crime are alleged, the mere misnomer of the offense in the information is not prejudicial. Speer v. State, 130 Ark. 457, 198 S. W. 113; State v. Robey, 74 Wash. 562, 134 P. 174; State v. Moser, 94 Wash. 465, 162 P. 582; Luther v. State, 18 Okla. Cr. 664, 197 P. 533.

Error is also assigned in that case against defendants was on August 28th, the day plea was entered, set for trial on August 30th, and they were not given sufficient time to procure attendance of witnesses and make ready for trial. The record does not disclose that any effort was made to procure the witnesses, nor does it disclose the names of their whereabouts at the time the case went to trial. Trial was not had until August 31st, three days after arraignment, which would have been ample time to have procured the desired witnesses, had due dilligence been used. If witnesses could not be procured, a proper showing for continuance should have been made, setting out the facts as in other cases. Jacobs v. State, 29 Okla. Cr. 140, 232 P. 861.

It is further argued that the evidence is insufficient to

sustain the conviction. It is well settled that a verdict will not be disturbed for insufficiency of the evidence when there is evidence from which the jury may reasonably or logically draw the conclusion of the defendant's guilt.

Error is also assigned in the court's refusal to give defendants' requested instructions. Nos. 1 and 2. An examination of the court's instructions discloses that the same fairly cover the law of the case, and that there was no prejudicial error in the refusal of defendants' requested instruction.

Various other matters are presented in the briefs, all of which have had our careful attention. Upon the whole case we find no error that requires a reversal.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.