[No. 22186. Department Two. March 28, 1930.]

THE CITY OF EVERETT, *Respondent,* v. ALICE ROWLANDS, *Appellant.*[1]

[1]Reported in 286 Pac. 42.

*A. E. Dailey,* for appellant.

*O. Duncan Anderson* and *J. W. Dootson,* for respondent.

HOLCOMB, J.—Appellant was convicted below of a misdemeanor by the violation of an ordinance of respondent by keeping a place resorted to for the purpose of lewdness. From the conviction and the judgment thereon, she appeals.

The first error assigned is in allowing respondent to re-open its case after argument for the purpose of admitting certain towels in evidence.

Appellant is not sustained by the record. The case was not re-opened, according to the record, after argument, but before argument, so that the prosecutor for the city could have the towels which had been identified by witnesses received in evidence.

There was no abuse of discretion in permitting the re-opening of the case at that time for that purpose. *State v. Brown,* 62 Wash. 293, 113 Pac. 782; *State v. Hogan,* 124 Wash. 449, 214 Pac. 634.

Appellant also contends that the court erred in denying a new trial because of alleged misconduct and prejudice on the part of a juror.

Affidavits of appellant and her counsel were filed in support of the motion for a new trial tending to show that the juror made grimaces and expressions of displeasure at the presence and odor of the towels in the court room, which were not controverted by counter-affidavits on behalf of the prosecution.

The juror was under the observation of the trial court. The trial court had the duty of weighing the credibility of the affidavits made tending to impeach

the fairness of the juror. There was, apparently, no necessity for respondent to contradict the affidavits under those circumstances. At any rate, there is nothing in the affidavits that tends to show that the mind of that juror was so impressed with the condition of the exhibits that he had a fixed opinion which was impossible for him to disregard; or that his actions constituted such misconduct on the part of the juror as entitled appellant to a new trial. *State v. Aker,* 54 Wash. 342, 103 Pac. 420, 18 Ann. Cas. 972.

▉ Finally it is contended that the verdict of the jury is contrary to the law and the evidence; that the undisputed evidence was that appellant had not been in the place for two weeks until the officers came there on the night in question.

The undisputed evidence is that appellant had been running the place as a hotel for about three years. Although she had been away on a vacation for about two weeks and had just returned on that night, she had employed a woman to work for her during that time who was in charge of the place while appellant was gone.

A resort of the kind charged is somewhat of the nature of a gambling place or resort. In *State v. Manolis,* 127 Wash. 597, 221 Pac. 326, we held that the proprietor of the place was responsible for the acts of his employee and could not escape the penalty of the law by showing that he did not personally participate in the game, citing: *State v. Constatine,* 43 Wash. 102, 86 Pac. 384, 117 Am. St. 1043; *State v. Moser,* 94 Wash. 465, 162 Pac. 582; *State v. Kaukos,* 109 Wash. 20, 186 Pac. 269.

The circumstantial facts together with direct admissions against interest testified to by the officers, if believed by the jury as they undoubtedly were, were sufficient to justify the verdict of guilty, although she denied and endeavored to explain them.

*State v. Willis,* 153 Wash. 323, 279 Pac. 578, cited by appellant is not apt. There, we held that there was no more than mere suspicion in the evidence and circumstances produced by the prosecution against the accused. Here, it is much more.

The judgment is affirmed.

MITCHELL, FULLERTON, TOLMAN, and MAIN, JJ., concur.

