THE STATE OF WASHINGTON, *Respondent*, v. FRANK
REMICK, *Appellant*.[1]

*Chas. D. McCarthy*, for appellant.
*Cecil C. Hallin* and *J. E. Stone*, for respondent.

BEELER, J.—The defendant, by an information containing four counts, was accused of violating the criminal laws of this state. In count one he was charged with the crime of being a jointist, and in each of the remaining counts with the crime of unlawful sale of intoxicating liquor. At the close of the state's case, the defendant moved for a nonsuit, which motion was by the court denied. The defendant was convicted on all four counts, and, by a special verdict, the jury also found he had been previously convicted of the offense of unlawful possession of intoxicating liquor with intent to sell the same. The defendant, in the

[1] Reported in 300 Pac. 1054.

court below, moved for but was denied a new trial, and from the judgment and sentence pronounced on the verdict he has appealed.

Appellant contends that the trial court erred in refusing to grant a nonsuit and in denying a new trial. While he makes no claim that the judgment and sentence as to the sale counts were not amply supported by the evidence, he does contend that the evidence is insufficient to sustain the verdict and judgment as to the jointist count. With this we can not agree. The jury were justified in finding that the evidence established the following facts: That the appellant, for several months prior to and during the month of September, 1930, was in charge of a store known as the "Marine Fish Market" located on Pacific avenue in the city of Kelso either as an employee or agent, or as the manager or proprietor; that the state's witnesses had purchased liquor of him in this store or market on the following occasions: About two months prior to September 17, and on September 17, 19, and 27, of 1930; and on each of those occasions he was in charge of the premises, waiting on the trade or customers in the store and fish market, taking orders for groceries over the telephone, and working generally about the place; that he was the only person in charge of the premises on September 17 and 19, being two of the occasions as testified to by the officers when they purchased liquor of him; that appellant's sleeping and living quarters were located upon the floor immediately above the store or fish market.

Appellant did not testify in his own behalf, and made no denial of the facts as developed by the state's witnesses. However, he called as a witness a Mr. Hutton, who testified that the store belonged to appellant's mother and that he was operating it for her. But on cross-examination Hutton admitted that, for at least

three months prior to and during the month of September, 1930, appellant was in and about the store and assisted in the work. Hutton testified:

"He [appellant] sells fish sometimes, and helps me to get fish occasionally. He waited on customers. He took orders over the counter sometimes. He took orders from customers on the phone if I asked him to."

Therefore, from all of the evidence and attendant circumstances, it became a question of fact for the jury, rather than a question of law for the court, to determine whether appellant was maintaining a place where intoxicating liquor could be purchased. Hence the trial court rightly denied both motions.

When the state first rested its case, the appellant interposed a motion for a directed verdict, on the ground that the state had failed to show that he was connected in any way with the operation of the store or fish market. Thereupon, the state asked leave to reopen its case for the purpose of introducing further proof, which the court permitted. This ruling is assigned as error. The reopening of a case for further testimony after a motion of this kind has been interposed rests within the sound discretion of the trial court, and will not be disturbed where no abuse of discretion is shown by the record. *State v. Sexton,* 37 Wash. 110, 79 Pac. 634; *State v. Constatine,* 43 Wash. 102, 86 Pac. 384, 117 Am. St. 1043; *State v. Brown,* 62 Wash. 293, 113 Pac. 782; *State v. Hornaday,* 67 Wash. 660, 122 Pac. 322; *State v. Hogan,* 124 Wash. 449, 214 Pac. 634.

Over appellant's objection, the court permitted the state to introduce testimony to show that one of its witnesses was absent because of illness. This ruling is assigned as error.

"Evidence explaining the absence of a material witness is admissible when failure to produce him would

warrant an unfavorable inference against the party not producing him.'' Nichols, Applied Evidence, p. 1744.

See, also, *Merrill v. Stevens & Co.*, 61 Wash. 28, 112 Pac. 353, Ann. Cas. 1912B 1011; *People v. Clark,* 106 Cal. 32, 39 Pac. 53; *Morris v. State,* 6 Okla. Cr. 29, 115 Pac. 1030.

Finding no error in the record, the judgment appealed from is affirmed.

TOLMAN, C. J., BEALS, PARKER, and MITCHELL, JJ., concur.