## MRS. O. F. RIDENHOUR v. STATE.

No. A-8827.   June 7, 1935.
(46 Pac. [2d] 379.)

K. D. Mitchell, for plaintiff in error.

Mac Q. Williamson, Atty, Gen., and Jess Pullen, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, for convenience hereinafter referred to as the defendant, was convicted of maintaining a bawdy house, and sentenced to pay a fine of $100.

At the time of the alleged offense, the defendant was proprietress of a hotel at 24½ West Grand avenue, in Oklahoma City, Okla.

H. McKim, testifying for the state, stated that he, in company with another officer by the name of Reed, went

to the hotel of the defendant, on March 24, 1933, and upon information received went directly to room No. 11, and broke the glass out of the door and found a negro man and a white woman in bed together; they arrested them and took them down to defendant's room, where she was in bed sick. The defendant stated she knew nothing about the conduct reported to her, and asked the woman, whom she claims was working as chambermaid for her, if what the officers stated was true, and the woman denied it. Both officers testify to finding them in bed together; the woman thinly clad. The officers also testify to having taken other parties from the hotel some time previous to the 24th day of March, 1933. Without setting out the testimony at length, if believed by the jury, the state's evidence is sufficient to sustain the conviction.

The defendant denied any knowledge of any immoral conduct going on around the hotel, and called witnesses who had been living at the hotel for some time, who stated they had not seen and did not know any immoral conduct was going on, and did not know of parties congregating there for the purpose of prostitution.

The defendant urges the court erred in not sustaining her demurrer to the evidence of the state, and insists that the testimony is insufficient to sustain a conviction. With this contention we cannot agree.

There is a direct conflict in the testimony. This court has repeatedly held that if there is a clear conflict in the evidence, or if it is such that different inferences can be properly drawn from it, this determination will not be interfered with unless it is clearly against the weight of the evidence, or appears to have been influenced by passion or prejudice. Luther v. State, 18 Okla. Cr. 664, 197 Pac. 533; Leslie v. State, 22 Okla. Cr. 111, 210 Pac. 297; Camp-

bell v. State, 23 Okla. Cr. 250, 214 Pac. 738; Pickett v. State, 35 Okla. Cr. 60, 248 Pac. 352; Underwood v. State, 36 Okla. Cr. 21, 251 P. 507; Mayse v. State, 38 Okla. Cr. 144, 259 Pac. 277.

After a careful reading and study of the record, we are compelled to conclude that the defendant was accorded a fair and impartial trial; that the court properly instructed the jury as to the law applicable to the facts; and that there are no errors in the record warranting a reversal.

The judgment is affirmed.

EDWARDS and DOYLE, JJ., concur.