Larry PEGG, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–81–33.

Court of Criminal Appeals of Oklahoma.

Feb. 23, 1983.

---

Mark Barrett, Asst. Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Jimmy D. Givens, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

Larry Pegg was convicted in Comanche County District Court, Case No. CRM–80–

592, with Communicating False Rumors, 21 O.S.1981, § 781. He was sentenced to one hundred and twenty (120) days in jail and a fine of five hundred ($500.00) dollars.

Mr. Pegg, a former employee of the Lawton Coca-Cola Co., owned a 1976 silver TransAm Pontiac automobile. On March 26, 1980, the automobile was observed at a Lawton service station with a bumper sticker affixed to the rear bumper. The sticker consisted of letter decals arranged to compose the following phrase: "LAWTON COCA–COLA" (top line) and "Shirdean Smith Prostitute" (bottom line). Mr. Pegg admitted placing the bumper sticker on his automobile. Shirdean Smith was the personnel manager of the Lawton Coca-Cola plant.

The justification offered by Mr. Pegg for his actions was that Shirdean Smith was in fact a prostitute. Mr. Pegg alleged that he had once been a client of Smith's. He presented his allegation to the District Attorney of Lawton before the March 26 incident. The District Attorney decided that Pegg's charges lacked factual support. Pegg also hired a private investigator in an attempt to obtain evidence of Smith's alleged prostitution activities. The private investigator testified that he was unable to procure any evidence indicating that Smith was involved in prostitution. In addition, Smith denied under oath any involvement with prostitution.

■ The appellant first alleges that he was convicted under a statute that is void for vagueness and overbreadth. That section provides:

Any person, who shall wilfully, knowingly, or maliciously repeat or communicate to any person, or persons, a false rumor or report of a slanderous or harmful nature, or which may be detrimental to the character or standing of such other person, or persons, whether such person is a private citizen, or officer, or candidate for office, shall be deemed guilty of a misdemeanor and upon conviction shall be fined not less than one hundred ($100.00) dollars nor more than Five Hundred ($500.00) Dollars, or imprisoned not less

than thirty days nor more than one hundred and twenty (120) days in the County Jail, or both so fined and imprisoned for each offense.

The due process requirement of the Fourteenth Amendment requires that an enactment be voided for vagueness if its prohibitions are not clearly defined. *Grayned v. City of Rockford,* 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). This Court has adopted the following expression of the vagueness standard. "A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application. . . ." *Hayes v. Municipal Court of Oklahoma,* 487 P.2d 974, 978 (Okl.Cr.1971). See also *Switzer v. City of Tulsa,* 598 P.2d 247, 248 (Okl.Cr.1979). The False Rumors statute survives the vagueness test requiring an ordinary person of common intelligence to be able to ascertain the meaning of the statute. When read in a reasonable fashion and allowing the words their ordinary meaning, we find that the ordinary person is apprised of the type of conduct that is proscribed; the intentional disparagement of the reputation or character of another by a false communication.

■ The appellant also alleges that the False Rumors statute is overbroad in that it may be read to forbid certain categories of speech protected by the First Amendment to the United States Constitution. He argues the statute can be read so as to not require falsity of the communication as an element of the offense; that even if falsity is required there is no apparent requirement of knowledge of falsity or reckless disregard for the truth; and that the statute does not limit itself to communications of facts as opposed to communications of ideas.

While it may be possible to read the statute in such a way as to render it unconstitutional, such a reading is not only unnecessary but quite strained. In *Broadrick v. Oklahoma,* 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973), the Supreme Court put limitations on the use of overbreadth to

void a statute on its face. The Court advised that declaring a statute facially invalid should be used sparingly and only as a last resort. Therefore, a statute which regulates a substantial number of situations validly or covers a whole range of easily identifiable and constitutionally proscribable conduct should not be held invalid on its face. *Parker v. Levy,* 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974). Further, overbreadth should not be employed to invalidate a statute when the statute is susceptible to a narrowing construction. *Erzonznik v. Jacksonville,* 422 U.S. 205, 95 S.Ct. 2268, 45 L.Ed.2d 125 (1975).

■ When viewed in light of these principles, the appellant's overbreadth attack on § 781 must fail. Section 781 is not only amenable to a limiting construction; but, such a construction is far more logical than the appellant's interpretation. Our reading of the statute indicates that the conduct proscribed is willfully, knowingly, or maliciously communicating a false rumor or false report of a defamatory nature. This implies a knowledge of the falsity of the rumor or report and is limited to the communication of facts.

■ Next, the appellant claims that the record does not reflect that his self-representation was preceded by a knowing and voluntary waiver of the right to counsel. In *Johnson v. State,* 556 P.2d 1285 (Okl.Cr. 1976), we held, citing *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), that the Sixth Amendment of the U.S. Constitution grants the accused the personal right to make his own defense without the assistance of counsel. It is not the wisdom of the decision that determines whether the accused intelligently elected to represent himself; but rather knowledge or adequate warning concerning his right and a clear intent to exercise it. *Cole v. State,* 569 P.2d 470 (Okl.Cr.1977). In the present case the trial court made sure that the appellant knew of his right to counsel and then informed him of the procedures necessary for representation. It is apparent to us that the appellant was adequately informed by the trial court and made a know-ing and voluntary waiver of his right to counsel in compliance with *Carnley v. Cochran,* 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962).

■ The appellant also alleges that error occurred because the jury was allowed to consider prejudicial character evidence and other crimes evidence; and further the trial judge failed to properly instruct the jury concerning the other crimes evidence. Specifically complained of are the statements by one witness that she did not believe Mr. Pegg and her indication that Mr. Pegg had not been present for a scheduled court appearance, another witness's statement that she thought Mr. Pegg had once tried to bribe her in connection with his employment at the plant where they both worked, and another witness's statement that he once believed Mr. Pegg was about to leave the state without permission.

The appellant's proposition of error is without merit for several reasons. No objections were made to any of these statements now claimed as error; therefore, even if error occurred, it is not properly before this Court for review. *Johnson v. State,* 611 P.2d 1137 (Okl.Cr.1980). Further, we have considered the statements alleged as error and find that they were either invited by the appellant or harmless. *Chapman v. State,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

■ Also, no error occurred by the trial court's failure to instruct on "other crimes" evidence because the evidence complained of merely raised the slightest possibility of another crime which is not sufficient to require an instruction. *Agee v. State,* 562 P.2d 913 (Okl.Cr.1977).

■ The appellant next claims that the Assistant District Attorney "injected" testimony concerning plea bargaining and "intentionally, improperly, and unilaterally brought the purported plea bargaining to the jury's attention." From a reading of the testimony, we fail to see how the appellant can argue that the witness injected the issue of plea negotiations. The appellant clearly raised the issue and it was his ques-

tioning which kept the issue before the jury. Again, the appellant cannot complain of errors which he himself invited or precipitated. *Goodrich v. State*, 553 P.2d 219 (Okl.Cr.1976).

Finally, the appellant states that his sentence of five hundred dollars ($500.00) should be vacated because he is indigent. However, we have no proof of indigency before us and the State has pointed out that the appellant posted a nine hundred ($900.00) dollar appeal bond to stay the execution of the sentence below. We direct the appellant's attention to 22 O.S.Supp. 1982, § 994, in which jurisdiction for suspension of a sentence is vested in the trial court by a request by the defendant within ten days of a final order of the Court of Criminal Appeals. The judgment and sentence is AFFIRMED.

BUSSEY, P.J., and CORNISH, J., concur.