STATE of Oklahoma, Appellant,

v.

**William Boyd JOHNSON and Steven David Smith, Appellees.**

No. S–90–1067.

Court of Criminal Appeals of Oklahoma.

Oct. 29, 1992.

Opinion on Rehearing Jan. 26, 1994.

Norman D. Thygesen, Asst. Dist. Atty., Janet Bickel, Legal Intern, Muskogee, for appellant.

Julian K. Fite, Muskogee, for appellees.

## OPINION

JOHNSON, Judge:

The State of Oklahoma, under 22 O.S.1981, § 1053.1, is appealing a ruling of District Judge William Bliss, District Court of Muskogee County. On September 11, 1990, in Case No. CRF–88–527, Judge Bliss granted Appellees' motion to dismiss the charge of Operating a Chop Shop under 47 O.S.Supp. 1988, § 1503(C)(1), for the reasons that 47 O.S.Supp.1988, § 1503(C)(1) is unconstitu-

tionally vague and invalid and that the Second Amended Information failed to properly allege a crime under the statute charged.

The State argues that Judge Bliss erred in determining 47 O.S.Supp.1988, § 1503(C)(1), unconstitutionally vague and invalid. Section 1503 provides:

C. 1. Any person who buys, disposes, sells, transfers, or possesses a motor vehicle or motor vehicle part, with knowledge that the vehicle identification number of the motor vehicle or motor vehicle part has been altered, counterfeited, defaced, destroyed, disguised, falsified, forged, obliterated, or removed, upon conviction is guilty of a felony, punishable by imprisonment for not more than five (5) years, or by a fine of not more than Fifty Thousand Dollars ($50,000.00), or both such imprisonment and fine.

2. The provisions of paragraph 1 of this subsection shall not apply to a motor vehicle scrap processor who, in the normal legal course of business and in good faith, processes a motor vehicle or motor vehicle part by crushing, compacting, or other similar methods, provided that any vehicle identification number is not removed from the motor vehicle or motor vehicle part prior to or during any such processing.

3. The provisions of paragraph 1 of this subsection shall not apply to any owner or authorized possessor of a motor vehicle or motor vehicle part which has been recovered by law enforcement authorities after having been stolen or where the condition of the vehicle identification number of the motor vehicle or motor vehicle part is known to or has been reported to law enforcement authorities. It shall be presumed that law enforcement authorities have knowledge of all vehicle identification numbers on a motor vehicle or motor vehicle part which are altered, counterfeited, defaced, disguised, falsified, forged, obliterated, or removed, when law enforcement authorities deliver or return the motor vehicle or motor vehicle part to its owner or authorized possessor after it has

been recovered by law enforcement authorities after having been reported stolen.

Judge Bliss offered neither reason nor finding in his Order declaring this Section unconstitutional. Thus, we must consider Appellees' response herein in addressing their attack on said statute.

■ We first address Appellees' "facial" challenge[1] to the overbreadth of Section 1503. Appellees argue that the statute, because it does not take into consideration remanufacturing practices and because one subsection of the statute makes possession legal and another makes possession illegal, could conceivably sweep into its ambit innocent persons and legitimate activities. It is a fundamental principle of constitutional adjudication that "a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court."[2] *Broadrick v. Oklahoma*, 413 U.S. 601, 610, 93 S.Ct. 2908, 2915, 37 L.Ed.2d 830, 839 (1973). A statute is presumed to be constitutional and the person alleging its unconstitutionality has the burden of proving same beyond a reasonable doubt. *Nunley v. State*, 660 P.2d 1052, 1056 (Okl.Cr.1983); *S.A.H. v. State*, 753 P.2d 381, 383 (Okl.Cr.1988). Appellees have failed to carry that burden.

In *Pegg v. State*, 659 P.2d 370, 372 (Okl.Cr. 1983), this Court considered an overbreadth challenge and recognized the limitations set out in *Broadrick, supra*, on the use of overbreadth to void a statute on its face. The Supreme Court advised that declaring a statute facially invalid should be used sparingly and only as a last resort. Further, the Su-

preme Court advised that particularly where conduct and not merely speech is involved, the overbreadth of a statute must not only be real, but substantial as well, and judged in relation to the statute's plainly legitimate sweep. To that end, whatever overbreadth may exist should be cured through case-by-case analysis of the fact situations to which its sanctions, assertedly, may not be applied.

For further guidance, we look to the considerations set forth in *Hoffman Estates, supra*, where the Supreme Court stated as follows:

> In a facial challenge to the overbreadth and vagueness of a law, a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct. If it does not, then the overbreadth challenge must fail. The court should then examine the facial vagueness challenge and, assuming the enactment implicates no constitutionally protected conduct, should uphold the challenge only if the enactment is impermissibly vague in all of its applications. A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. A court should therefore examine the complainant's conduct before analyzing other hypothetical applications of the law. (Emphasis added) *Id.* 455 U.S. at 102 S.Ct. at 1191.

When viewed in light of these principles, Appellees' overbreadth attack on Section 1503 must fail. Indeed, there is no constitutional right to possess motor vehicles or motor vehicle parts having altered identification numbers. The State has a legitimate interest in controlling harmful, constitutionally "unprotected" conduct. Section 1503 does

---

1. The Supreme Court, in *Hoffman Estates v. Flipside, Hoffman Estates*, 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982), citing *Steffel v. Thompson*, 415 U.S. 452, 474, 94 S.Ct. 1209, 1223, 39 L.Ed.2d 505 (1974), has held a "facial" challenge to mean a claim that the law is "invalid in toto" and therefore "incapable of any valid application."

2. The Supreme Court recognized some limited narrow exceptions to this principle, but only because of the most "weighty countervailing policies." While Appellees do not fall within any of these exceptions, we are compelled to address their assertions in face of the trial court's ruling that the statute is unconstitutional.

not infringe any constitutionally protected aspects of the business of assembling vehicles from new and used parts, and is not overbroad as applied to such a business. We do not believe that the mere possibility of an erroneous application of this statute is justification for declaring it void.

■ We next address Appellees' facial challenge to the vagueness of Section 1503. Objections to vagueness under the Due Process Clause rest on the lack of notice, and hence may be overcome in any specific case where reasonable persons would know that their conduct is at risk. *See Maynard v. Cartwright*, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988). This Court has adopted the following expression of the vagueness standard:

> "A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application...." *Hayes v. Municipal Court of Oklahoma*, 487 P.2d 974, 978 (Okl. Cr.1971); *Switzer v. City of Tulsa*, 598 P.2d 247, 248 (Okl.Cr.1979); and *Pegg*, supra.

It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand. *See United States v. Mazurie*, 419 U.S. 544, 95 S.Ct. 710, 42 L.Ed.2d 706 (1975), citing *United States v. National Dairy Products Corp.*, 372 U.S. 29, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963); *See also Turner v. State*, 549 P.2d 1346, 1350 (Okl.Cr.1976), where this Court held, "In considering the sufficiency of a statute, that statute must of necessity be examined in the light of the conduct of which a defendant is charged." (We note that Appellees' conduct cannot be evaluated in this case, since there was no trial.)

Section 1503 survives the vagueness test requiring an ordinary person of common intelligence to be able to ascertain the meaning of the statute. When read in a reasonable fashion and allowing the words their ordinary meaning, we find that the ordinary person is apprised of the type of conduct that is proscribed: knowingly possessing, selling, etc., of motor vehicles and motor vehicle parts with their identification numbers destroyed, altered, obliterated, etc. This statute was enacted to curb trafficking in stolen motor vehicles and motor vehicle parts. Trafficking in stolen property directly affects public safety and welfare and is an appropriate subject for legislation in exercise of the police power of this state.

It therefore must be decided whether 47 O.S.Supp.1988, § 1503, adequately notified Appellees that their alleged actions would be unlawful. Should appellees have known that possession of three motor vehicles and seven motor vehicle parts, with knowledge that the identification numbers had been obliterated or removed, would constitute a felony under Section 1503(C)(1)? We believe sufficient and adequate notice is provided in the statute.

■ Next, Appellees, citing *Payne v. State*, 435 P.2d 424 (Okl.Cr.1967), argue that this section violates due process since it makes proof of one fact or group of facts evidence of the existence of the ultimate fact on which guilt is predicated. In *Payne*, the statute in question provided a presumption [3], which this Court held was unconstitutional. Section 1503 provides no such presumption. Thus, this proposition is without merit.

■ Lastly, Appellees assert and the trial court held that the Amended Information fails to properly allege a crime. Specifically, they argue:

1. There is no allegation that any of the items had not passed through the hands of law enforcement officials.

**3.** The statute dealt with the crime of receiving stolen property and provided, in part: "(2) Every person ... *shall be presumed* to have bought or received such property knowing it to have been so stolen or wrongfully obtained. *This presump-*

2. There is no allegation that any of the items had such identification numbers when placed in commerce.

3. There is no allegation of guilty knowledge or act on the part of Appellees.

4. There is no allegation that Appellees were operating a chop shop or had knowledge of the stolen status of the items.

5. There is no allegation of intent on the part of Appellees to commit any other criminal act.

6. There is no allegation that Appellees themselves altered any of the numbers on the items.

First, we note that Appellees fail to support their position with any citation of authority, reasoning or argument. Second, we note the trial court failed to provide any support for holding the Amended Information defective.

The Amended Information specifically alleges that Appellees,

"... did then and there unlawfully, wrongfully and feloniously, while acting conjointly, each aiding and abetting the other, did have in their possession certain motor vehicles and motor vehicle parts *with knowledge* that the vehicle identification numbers of the motor vehicles and motor vehicle parts had been altered, counterfeited, defaced, destroyed, disguised, falsified forged or obliterated, to-wit: ..." (Emphasis added)

The allegations contained in the Amended Information track the language of the statute. We will address each assertion separately. As to Appellees' assertion number two (2), there is no need to allege that the items listed in the Amended Information had identification numbers when placed in commerce since the information alleges, in respect to each item listed, that the numbers on the items had either been removed or obliterated. As to assertions numbers three (3) and four (4), the information specifically alleges "with knowledge." As to assertions numbers five (5) and six (6), Section 1503(C)(1), in order for the accused to be found guilty of possession thereunder, nei-

ther requires intent on the part of the accused to commit any other criminal act nor does it require that the accused alter the identification number. These allegations are properly brought under a violation of Section 1503 B.

The fact that none of the items were alleged not to have passed through the hands of law enforcement officials (Assertion number 1) forms no part of the definition of the crime of possession. It is merely an exception or proviso (paragraph 3 of subsection C. of Section 1503) and need not be pleaded. This Court has long held that matters purely of defense need not be pleaded in the indictment or information. But, where a negative averment is an essential and material part of an offense, such negative averment should be pleaded in the indictment or information. *See Duggins v. State,* 76 Okl.Cr. 168, 135 P.2d 347, 350 (1943); *Penn v. State,* 13 Okl. Cr. 367, 164 P. 992, 994 (1917); *Wright v. State,* 21 Okl.Cr. 430, 209 P. 179, 180 (1922). There is no merit to this assertion.

Finally, we address Appellees' assertion that the Amended Information fails to allege that Appellees were operating a chop shop. Appellees were not charged with operating a chop shop, which is properly brought under Section 1503(A)(1). From the language of the charge in the Amended Information, Appellees were charged with a violation of Section 1503(C)(1). However, we must point out that the form of the Information does provide a designation, "INFORMATION For _____", under the Style of the case and preceding the form name, INFORMATION, under which the formal charge is to be set out. In this case, the blank was filled in with the words, "OPERATING A CHOP SHOP." Surmising that this may have been the source of Appellees' assertion that the State failed to allege that they were operating a chop shop, we point out that the designation of the name of the offense in the indictment or information is not of controlling importance, since it is not the name, but the description of the crime which characterizes the offense charged.

*tion may, however, be rebutted by proof."* (Em-       phasis added)

Accordingly, when the essential facts constituting a crime are alleged, the mere misnomer of the offense in the information is not prejudicial. *See Collins v. State*, 32 Okl.Cr. 136, 240 P. 135, 136 (1925), citing *Luther v. State*, 18 Okl.Cr. 664, 197 P. 533 (1921); *Ex parte Grant*, 32 Okl.Cr. 217, 240 P. 759 (1925). Thus, this assertion is without merit.

For the above and foregoing reasons, we hold that 47 O.S.Supp.1988, § 1503 is constitutional and that the Amended Information is sufficient to allege a crime under 47 O.S.Supp.1988, § 1503(C)(1). Accordingly, the trial court's ruling is REVERSED and this case is REMANDED for trial.

LANE, P.J., LUMPKIN, V.P.J., and PARKS, J., concur.

BRETT, J., concurs in result.

### OPINION ON REHEARING

JOHNSON, Vice Presiding Judge:

■ Appellant, the State, pursuant to 22 O.S.1981, § 1053.1, appealed a ruling of District Judge William Bliss, District Court of Muskogee County, who determined 47 O.S.Supp.1988, § 1503(C)(1) to be unconstitutionally vague and invalid. This Court issued its opinion reversing the trial court and remanding the case for trial. *See State v. Johnson*, 63 OBJ, No. 41 (November 7, 1992). William Boyd Johnson and Steven David Smith, Appellees, filed their Petition herein, urging that this Court's remand for trial is inappropriate under the law and the prior rulings of this Court. This Court granted the Petition for Rehearing and directed the State to respond.

Appellees rely on this Court's decision in *State v. Mazurek*, 546 P.2d 1327 (Okl.Cr. 1976), wherein we considered the effect of a trial court's order sustaining a demurrer to the information and declaring unconstitutional the provisions of 59 O.S.Supp.1974, § 858–101, et seq. as applied to the defendant. At the outset of that opinion, this Court noted that the appeal could not be brought under 22 O.S.Supp.1975, § 1053.1, for the reason that that section became effective October 1, 1975, after the order which was entered on June 9, 1975. Thus, the effect of the order was governed by the provisions of 22 O.S. 1971, § 508, which provided:

> If the demurrer is sustained, the judgment is final upon the indictment or information demurred to, and is a bar to another prosecution for the same offense, unless the court, being of opinion that the objection on which the demurrer is sustained may be avoided in a new indictment or information, direct the case to be resubmitted to the same of another grand jury, or that a new information be filed.

We concluded that "this appeal on a reserved question of law can only serve as a guideline for all future cases prosecuted under the provisions of 59 O.S.Supp.1974, § 858–101, et seq., and that the order of the court in sustaining the demurrer bars further prosecution of the defendant under the same information or any information arising out of his operation of Rentex of Tulsa on the 6th day of April, 1975." We based this conclusion on the fact that at that time, the only means for the State to pursue an appeal on the question of constitutionality was pursuant to 22 O.S. 1971, § 1053(3), "Upon a question reserved by the state or a municipality.".

However, our legislature enacted 22 O.S.Supp.1975, § 1053.1 to provide for an automatic appeal of judgments holding statutes unconstitutional in criminal cases. We believe it did so in order to avoid the result we had to reach in *Mazurek*. It is absurd to think that the legislature intended to reward a defendant because he was the first to have a trial court erroneously rule a statute unconstitutional. Such a ruling is not tantamount to one sustaining a demurrer to an indictment or information where the defects as enumerated in 22 O.S.1991, § 504, appear upon the face of the indictment or information or where there is insufficiency of evidence. The legislature is presumed not to do a vain act.

Therefore, we hold that the effect of an appeal under 22 O.S. 1053.1, does not bar further prosecution, except in cases such as *State v. Madden*, 562 P.2d 1177 (Okl.Cr. 1977), where there was a trial on the merits

before the judge who subsequently ruled a statute unconstitutional. In so holding, we expressly overrule *State v. Tinkler*, 815 P.2d 190 (Okl.Cr.1991) and any other case to the extent that they are inconsistent with this opinion.

Accordingly, as per our original opinion herein, this case is REMANDED for trial. The Clerk of this Court is directed to issue the mandate forthwith.

LUMPKIN, P.J., and CHAPEL, J., concur.

LANE, J., not participating.